## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALABAMA ASSOCIATION OF
REALTORS® *et al.*,

        Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES *et al.*,

        Defendants.

Civil Case. No. _____

## DECLARATION OF ROBERT GILSTRAP

I, Robert Gilstrap, declare as follows:

1.     I am a licensed real estate broker in the State of Georgia and a member of the Georgia Association of REALTORS®. I am over 18 years old and could testify to the facts set out herein if called upon to do so. I make this declaration based on my personal knowledge and to explain the impact of the Centers for Disease Control and Prevention's ("CDC") "Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19" (the "Eviction Moratorium") on Title One Management, LLC ("Title One") and myself.

2.     I am the owner of Title One, a residential property leasing company that manages more than 400 residential properties in Georgia. Title One is the lessor of all the properties it manages and has the legal right to pursue eviction of tenants leasing such properties.

3.     Title One collects less than $30 million in annual receipts.

4.     I am the beneficiary of a trust that owns approximately 40 properties managed by Title One. I have the legal right to pursue eviction of tenants leasing such properties.

5.     One of these properties is located at 1136 McCormick Way SW Marietta, Georgia 30008. The tenants at that property are William and Jamie Morrow. The lease contract for this

property was made under Georgia law. I have maintained the property in compliance with my obligations under Georgia law.

6.      The Morrows currently owe $10,160.86 in unpaid rent. They make nearly $97,000 a year. The Morrows also have refused to allow maintenance to be performed on the property at 1136 McCormick Way.

7.      The Morrows were initially entitled to eviction forbearance under the federal Coronavirus Aid, Relief, and Economic Security Act. Once the federal eviction forbearance in that statute expired, Title One sought to proceed with eviction proceedings, but could not do so because the Morrows submitted a declaration under the Eviction Moratorium. *See* Exhibit A. Title One has not been able to proceed to an eviction hearing because of the Eviction Moratorium. Although I believe that the Morrows are not "covered persons" under the Eviction Moratorium, Georgia courts refuse to hold a hearing or even process an eviction because of the Eviction Moratorium.

8.      Other tenants have also failed to pay rental payments due to Title One. Marquita L. Thomas owes more than $7,503.14 in overdue rent for a property located at 8221 Greenmar Way Riverdale, GA 30274.

9.      Title One initiated eviction proceedings against Ms. Thomas and obtained a writ of possession. Ms. Thomas then submitted a declaration under the Eviction Moratorium. *See* Exhibit B. The court then rescinded the writ of possession and vacated its judgment.

10.     But for the Eviction Moratorium, Title One would have been able to evict these tenants and seek to rent the properties to tenants who would pay rent.

11.     As a result of the Eviction Moratorium, Title One is unable to evict these tenants and unable to rent these properties to tenants who will pay rent.

12.     It is my belief and understanding that I will be unlikely to obtain any payment or damages from these tenants once the Eviction Moratorium expires. My only ability to mitigate loss

and obtain rental income from the properties is to evict non-paying tenants and rent the properties to paying tenants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November <u>19</u>, 2020.

DocuSigned by:

Robert Gilstrap

Robert Gilstrap

# EXHIBIT A

Form Approved
OMB Control No. 0920-1303
Expiration Date: 12/31/2020

**[FORM] DECLARATION UNDER PENALTY OF PERJURY FOR
THE CENTERS FOR DISEASE CONTROL AND PREVENTION'S TEMPORARY
HALT IN EVICTIONS TO PREVENT FURTHER SPREAD OF COVID-19**

> This declaration is for tenants, lessees, or residents of residential properties who are covered by the CDC's order temporarily halting residential evictions (not including foreclosures on home mortgages) to prevent the further spread of COVID-19. Under the CDC's order you must provide a copy of this declaration to your landlord, owner of the residential property where you live, or other person who has a right to have you evicted or removed from where you live. Each adult listed on the lease, rental agreement, or housing contract should complete this declaration. Unless the CDC order is extended, changed, or ended, the order prevents you from being evicted or removed from where you are living through December 31, 2020. You are still required to pay rent and follow all the other terms of your lease and rules of the place where you live. You may also still be evicted for reasons other than not paying rent or making a housing payment. This declaration is sworn testimony, meaning that you can be prosecuted, go to jail, or pay a fine if you lie, mislead, or omit important information.

I certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing are true and correct:

- I have used best efforts to obtain all available government assistance for rent or housing;[1]

- I either expect to earn no more than $99,000 in annual income for Calendar Year 2020 (or no more than $198,000 if filing a joint tax return), was not required to report any income in 2019 to the U.S. Internal Revenue Service, or received an Economic Impact Payment (stimulus check) pursuant to Section 2201 of the CARES Act;

- I am unable to pay my full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, lay-offs, or extraordinary[2] out-of-pocket medical expenses;

- I am using best efforts to make timely partial payments that are as close to the full payment as the individual's circumstances may permit, taking into account other nondiscretionary expenses;

---

[1] "Available government assistance" means any governmental rental or housing payment benefits available to the individual or any household member.

[2] An "extraordinary" medical expense is any unreimbursed medical expense likely to exceed 7.5% of one's adjusted gross income for the year.

Public reporting burden of this collection of information is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  An agency may not conduct or sponsor, and a person is not required to respond to a collection of information unless it displays a currently valid OMB control number.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to CDC/ATSDR Reports Clearance Officer; 1600 Clifton Road NE, MS D-74, Atlanta, Georgia 30333; Attn: OMB-PRA (0920-1303)

Form Approved
OMB Control No. 0920-1303
Expiration Date: 12/31/2020

- If evicted I would likely become homeless, need to move into a homeless shelter, or need to move into a new residence shared by other people who live in close quarters because I have no other available housing options.[3]

- I understand that I must still pay rent or make a housing payment, and comply with other obligations that I may have under my tenancy, lease agreement, or similar contract. I further understand that fees, penalties, or interest for not paying rent or making a housing payment on time as required by my tenancy, lease agreement, or similar contract may still be charged or collected.

- I further understand that at the end of this temporary halt on evictions on December 31, 2020, my housing provider may require payment in full for all payments not made prior to and during the temporary halt and failure to pay may make me subject to eviction pursuant to state and local laws.

I understand that any false or misleading statements or omissions may result in criminal and civil actions for fines, penalties, damages, or imprisonment.

_____          9/14/2020
Signature of Declarant                          Date

---

[3] "Available housing" means any available, unoccupied residential property, or other space for occupancy in any seasonal or temporary housing, that would not violate federal, state, or local occupancy standards and that would not result in an overall increase of housing cost to you.

Public reporting burden of this collection of information is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. An agency may not conduct or sponsor, and a person is not required to respond to a collection of information unless it displays a currently valid OMB control number. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to CDC/ATSDR Reports Clearance Officer; 1600 Clifton Road NE, MS D-74, Atlanta, Georgia 30333; Attn: OMB-PRA (0920-1303)

# EXHIBIT B

Form Approved
OMB Control No. 0920-1303
Expiration Date: 12/31/2020

# [FORM] DECLARATION UNDER PENALTY OF PERJURY FOR THE CENTERS FOR DISEASE CONTROL AND PREVENTION'S TEMPORARY HALT IN EVICTIONS TO PREVENT FURTHER SPREAD OF COVID-19

This declaration is for tenants, lessees, or residents of residential properties who are covered by the CDC's order temporarily halting residential evictions (not including foreclosures on home mortgages) to prevent the further spread of COVID-19. Under the CDC's order you must provide a copy of this declaration to your landlord, owner of the residential property where you live, or other person who has a right to have you evicted or removed from where you live. Each adult listed on the lease, rental agreement, or housing contract should complete this declaration. Unless the CDC order is extended, changed, or ended, the order prevents you from being evicted or removed from where you are living through December 31, 2020. You are still required to pay rent and follow all the other terms of your lease and rules of the place where you live. You may also still be evicted for reasons other than not paying rent or making a housing payment. This declaration is sworn testimony, meaning that you can be prosecuted, go to jail, or pay a fine if you lie, mislead, or omit important information.

I certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing are true and correct:

- I have used best efforts to obtain all available government assistance for rent or housing;[1]

- I either expect to earn no more than $99,000 in annual income for Calendar Year 2020 (or no more than $198,000 if filing a joint tax return), was not required to report any income in 2019 to the U.S. Internal Revenue Service, or received an Economic Impact Payment (stimulus check) pursuant to Section 2201 of the CARES Act;

- I am unable to pay my full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, lay-offs, or extraordinary[2] out-of-pocket medical expenses;

- I am using best efforts to make timely partial payments that are as close to the full payment as the individual's circumstances may permit, taking into account other nondiscretionary expenses;

---

[1] "Available government assistance" means any governmental rental or housing payment benefits available to the individual or any household member.

[2] An "extraordinary" medical expense is any unreimbursed medical expense likely to exceed 7.5% of one's adjusted gross income for the year.

Public reporting burden of this collection of information is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. An agency may not conduct or sponsor, and a person is not required to respond to a collection of information unless it displays a currently valid OMB control number. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to CDC/ATSDR Reports Clearance Officer; 1600 Clifton Road NE, MS D-74, Atlanta, Georgia 30333; Attn: OMB-PRA (0920-1303)

Form Approved
OMB Control No. 0920-1303
Expiration Date: 12/31/2020

- If evicted I would likely become homeless, need to move into a homeless shelter, or need to move into a new residence shared by other people who live in close quarters because I have no other available housing options.[3]

- I understand that I must still pay rent or make a housing payment, and comply with other obligations that I may have under my tenancy, lease agreement, or similar contract. I further understand that fees, penalties, or interest for not paying rent or making a housing payment on time as required by my tenancy, lease agreement, or similar contract may still be charged or collected.

- I further understand that at the end of this temporary halt on evictions on December 31, 2020, my housing provider may require payment in full for all payments not made prior to and during the temporary halt and failure to pay may make me subject to eviction pursuant to state and local laws.

I understand that any false or misleading statements or omissions may result in criminal and civil actions for fines, penalties, damages, or imprisonment.

_M. Thomas_
Signature of Declarant

_10/30/2020_
Date

REF: 8221 GREENMAR WAY
RIVERDALE GA 30274

---

[3] "Available housing" means any available, unoccupied residential property, or other space for occupancy in any seasonal or temporary housing, that would not violate federal, state, or local occupancy standards and that would not result in an overall increase of housing cost to you.

Public reporting burden of this collection of information is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. An agency may not conduct or sponsor, and a person is not required to respond to a collection of information unless it displays a currently valid OMB control number. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to CDC/ATSDR Reports Clearance Officer; 1600 Clifton Road NE, MS D-74, Atlanta, Georgia 30333; Attn: OMB-PRA (0920-1303)