DocuSign Envelope ID: 10B78926-3BFE-48AB-A03B-C22B90A243C6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALABAMA ASSOCIATION OF
REALTORS® *et al.*,

        Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES *et al.*,

        Defendants.

Civil Case. No. _____

## DECLARATION OF DEBRA JUNKIN

I, Debra Junkin, declare as follows:

1. I am the Chief Executive Officer at the Georgia Association of REALTORS® ("GAR").

2. I am over 18 years old and could testify to the facts set out herein if called upon to do so. I make this declaration based on my personal knowledge and to explain the impact of the Centers for Disease Control and Prevention's ("CDC") "Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19" (the "Eviction Moratorium") on GAR's members.

3. GAR is the largest organization of real estate professionals in Georgia, comprising more than 44,000 members. It is a trade association organized under Section 501(c)(6) of the Internal Revenue Code and headquartered in Atlanta, GA. GAR advocates for Georgia's real estate industry before state, local, and federal governments and in the courts. GAR members are an integral piece of many real estate transactions; members assist clients and customers in purchase and sale, leasing, and property management transactions.

4. Many of GAR's members own residential properties that they lease to tenants. Many of these members operate small businesses that collect less than $30 million in annual revenue from

renting residential properties. Additionally, many GAR members who do not own their own rental properties provide property management assistance to owners and landlords. During this time, GAR members are placing the health and safety of all parties as a priority as they navigate through this unprecedented time.

5.      GAR has sought to provide resources and support to its members during the COVID-19 pandemic.  These resources include providing advice relating to landlords' eviction prerogatives, mortgage obligations, transaction best practices, brokerage best practices and information regarding available relief regarding unemployment and other business loans.

6.      The Eviction Moratorium has caused harm to GAR's members because it has prevented them from evicting tenants for nonpayment of rent and from leasing their properties to tenants willing and able to pay rent.  Additionally, GAR members who are leasing out their properties for rent remain responsible for numerous other costs associated with leasing such as property taxes, insurance and general maintenance. Allowing nonpaying tenants to remain in their properties place an undue financial burden on GAR members.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 19, 2020.

DocuSigned by:

*Deb Junkin*

D5681284ED5443D...

Debra Junkin