IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ALABAMA ASSOCIATION OF REALTORS, *et al.*,

    Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,[1]

    Defendants.

No. 20-cv-3377 (DLF)

---

### DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants hereby respond to Plaintiffs' Notice of Supplemental Authority concerning *Skyworks, Ltd. v. Centers for Disease Control and Prevention (CDC)*, No. 20-2407, 2021 U.S. Dist. LEXIS 44633 (N.D. Ohio Mar. 10, 2021), which determined that the CDC Order at issue in this case exceeds the agency's statutory authority. *See id.* (opinion); *Skyworks*, ECF No. 55 (judgment).

Plaintiffs do not contend that the *Skyworks* judgment affords relief to anyone beyond the plaintiffs in the *Skyworks* case. Indeed, the court in *Skyworks* declined to enter an injunction of any kind, much less a nationwide injunction that would purport to benefit parties not before that court. *See* 2021 U.S. Dist. LEXIS 44633, at *39. Defendants respectfully disagree with the holding of the *Skyworks* opinion. As the district court in *Skyworks* recognized, *id.* at *32, two other courts that considered the same statutory question concluded that the CDC Order is within the agency's statutory authority under the Public Health Service Act (PHSA). *See Brown v. Azar*, --- F. Supp. 3d ----, No. 20-3702, 2020 WL 6364310, at *6–10 (N.D. Ga. Oct. 29, 2020), *appeal filed*, No. 20-14210 (11th Cir.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), U.S. Attorney General Merrick B. Garland is automatically substituted for Acting U.S. Attorney General Monty Wilkinson as a party.

Nov. 9, 2020); *Chambless Enters., LLC v. Redfield*, --- F. Supp. 3d ----, No. 20-1455, 2020 WL 7588849, at *3–9 (W.D. La. Dec. 22, 2020), *appeal filed*, No. 21-30037 (5th Cir. Jan. 21, 2021). In addition, a three-judge panel of the Eleventh Circuit denied the *Brown* plaintiffs' motion for an injunction pending appeal. *See* Order, No. 20-14210 (11th Cir. Dec. 17, 2020).

The district court in *Skyworks* declared that "the *Brown* and *Chambless Enterprises* decisions have the feel of adopting strained or forced readings of the statute, stretching to rationalize the governmental policy at issue." 2021 U.S. Dist. LEXIS 44633, at *33. Defendants respectfully disagree. Those courts correctly applied the plain text of the first sentence of 42 U.S.C. § 264(a), which authorizes CDC "to make and enforce such regulations as in [its] judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or possessions, or from one State or possession into any other State or possession." 42 U.S.C. § 264(a). For the reasons discussed in the *Brown* and *Chambless Enterprises* opinions and in the government's prior briefing in this case, *see, e.g.*, Defs.' Mot. for Summ. J. 9–11, 18–21, ECF No. 26; Defs.' Reply 10–11, ECF No. 31, that explicit grant of authority is not implicitly narrowed by the sentence that follows it so as to preclude issuance of the Order.

Moreover, Congress recently confirmed that the first sentence of section 264(a) means what it says by extending "the order issued by [CDC] under section 361 of the Public Health Service Act (42 U.S.C. 264)." Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, div. N, tit. V, § 502, 134 Stat. 1182, 2079 (2020). The *Skyworks* court dismissed that express congressional approval as "mere acquiescence" in the order. 2021 U.S. Dist. LEXIS 44633, at *37 (citation omitted). But Congress recognized, in express statutory text, that the order falls "under"—and is thus authorized by—section 264. Indeed, if the *Skyworks* court's contrary interpretation of section 264 were correct, Congress's extension of the order would have had no legal effect. This Court should reject an interpretation that would render the amendment a nullity.

2

The *Skyworks* court incorrectly suggested that Congress itself lacked the power under the Commerce Clause to extend the temporary eviction moratorium. *See* 2021 U.S. Dist. LEXIS 44633, at *31 (citing *Terkel v. Centers for Disease Control & Prevention*, --- F. Supp. 3d ----, 2021 WL 742877, at *4–6 (E.D. Tex. Feb. 25, 2021)). The COVID-19 pandemic has devastated industries that depend on the movement of people. *See, e.g.*, H.R. Rep. 116-420, at 2–3 (2020).[2] The pandemic has triggered unprecedented restrictions on interstate and foreign travel. *See* CDC, Travel During COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html. And surges in COVID-19 cases have imposed critical "strains on the healthcare system" when large numbers of infected individuals seek hospitalization and emergency care that overwhelm healthcare providers' resources. 86 Fed. Reg. at 8023–24 & n.38. There is no doubt that Congress can act to control such an "interstate epidemic," *United States v. Comstock*, 560 U.S. 126, 134–35, 148 (2010) (citing Art. I, § 8, cl. 3 (the Commerce Clause)), and the CDC Order properly does so by regulating the eviction remedy in a contract for "rental of real estate," which, the Supreme Court has held, is "unquestionably" an activity affecting interstate commerce. *Jones v. United States*, 529 U.S. 848, 856 (2000) (quoting *Russell v. United States*, 471 U.S. 858, 862 (1985)).

Dated: March 12, 2021                                  Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
STEVEN A. MYERS

---

[2] *See also* Aaron Klein and Ember Smith, Brookings Institution, *Explaining the economic impact of COVID-19: Core industries and the Hispanic Workforce* at 1, 4 (Feb. 4, 2021), https://digitalscholarship.unlv.edu/brookings_policybriefs_reports/2/

Senior Trial Counsel (NY Bar No. 4823043)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8648
Fax: (202) 616-8470
E-mail: steven.a.myers@usdoj.gov

*Counsel for Defendants*

4