IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALABAMA ASSOCIATION OF REALTORS®, *et al.*,<br><br>*Plaintiffs,*<br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>*Defendants.* | No. 1:20-cv-03377-DLF |

**PLAINTIFFS' NOTICE OF EXTENSION AND SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully notify the Court that on March 28, 2021, the Director of the Centers for Disease Control and Prevention ("CDC") signed an order extending the CDC's Eviction Moratorium at issue in this case. *See* Ex. A. The March 28 extension order provides that it is "effective April 1, 2021, and will remain in effect through June 30, 2021, subject to revision based on the changing public health landscape." *Id.* at 17. In addition to extending the Eviction Moratorium, the March 28 order makes certain modifications that do not affect Plaintiffs' claims in this case. *See id.* at 10-11.

Plaintiffs also respectfully notify the Court that on March 29, 2021, a three-judge panel of the United States Court of Appeals for the Sixth Circuit published an order unanimously denying the government's motion for a stay pending appeal of the judgment issued by a district court in the Western District of Tennessee holding that the Eviction Moratorium exceeds the CDC's statutory authority. *See* Ex. B, Order, Dkt. 20-2, *Tiger Lily, et al. v. United States Dep't of Housing and Urban Dev., et al.*, No. 21-5256 (6th Cir. Mar. 29, 2021) (Norris, Thapar, Bush, JJ.); *see also* ECF 74, Pls.' Notice of Supplemental Authority. The Sixth Circuit concluded that "the government is unlikely to succeed on the merits" because the CDC's "involvement in landlord-tenant relations" was not authorized by "a

provision of the Public Health Service Act authorizing it to sanitize property exposed to contagion." *Id.* at 1, 7.

*First*, the Sixth Circuit concluded, as Plaintiffs have argued in this case, that "the terms of [the Public Health Service Act, 42 U.S.C. § 264,] cannot support the broad power that the CDC seeks to exert." Ex. B at 4; ECF 6-1, Pls.' Mem. in Supp. of Summ. J., at 13-25. The Sixth Circuit determined that the statute's catchall provision authorizing "other measures"—in addition to a list of enumerated measures, including inspection and fumigation—"warrants application of the *ejusdem generis* canon." Ex. B at 5; ECF 6-1, Pls.' Mem. in Supp. of Mot. for Summ. J., at 21. This "generic rulemaking power from the Public Health Service Act" does not supply statutory authority for the Eviction Moratorium because "government intrusion on property to sanitize and dispose of infected matter is different in nature from a moratorium on evictions." Ex. B at 3, 5. Notably, the Sixth Circuit determined that "the statute is unambiguous" in its lack of authority for the Eviction Moratorium at *Chevron* step one. *Id.* at 4 n.3; *see also* ECF 6-1, Pls.' Mem. in Supp. of Mot. for Summ. J., at 17-21.

*Second*, the Sixth Circuit noted, as Plaintiffs have argued in this case, that the government's broad construction of Section 361 of the Public Health Service Act "raises not only concerns about federalism, but also concerns about the delegation of legislative power to the executive branch." Ex. B at 6; *see also* ECF 6-1, Pls.' Mem. in Supp. of Mot. for Summ. J., at 30-31. The Sixth Circuit declined the government's invitation to make the "unreasonable assumption" that Congress "intended to give the Secretary" such "unprecedented power." Ex. B. at 6 (internal quotation marks and citation omitted).

*Third*, the Sixth Circuit rejected the government's argument—also raised in this case—that the CDC's quarantine authority supported finding authority for the Eviction Moratorium in the first sentence of the statute. *Id.* at 6; *see also* ECF 6-1, Pls.' Mem. in Supp. of Mot. for Summ. J., at 18-20.

The government's argument "does not withstand scrutiny" because "Section 264(a) is concerned exclusively with restrictions on property interests and is, therefore, structurally separate from the statute's quarantine provision.  Prohibiting landlords from evicting nonpaying tenants unquestionably restricts a property interest, but an eviction moratorium is radically unlike the property interest restrictions listed in § 264(a) (sanitizing, fumigating, etc.)."  Ex. B. at 6.

*Fourth*, the Sixth Circuit also rejected the government's argument that Congress ratified the CDC's Eviction Moratorium in the Consolidated Appropriations Act of 2021.  *See id.* at 6-7.  As the Sixth Circuit explained, "nothing in [that law] expressly approved the agency's interpretation.  All [it] did was congressionally extend the agency's action until January 31, 2021.  After that date, Congress withdrew its support, and the CDC could rely only on the plain text of 42 U.S.C. § 264, which, as noted, does not authorize the CDC Director to ban evictions."  *Id.* at 7 (citation omitted).  Plaintiffs rebutted the government's motion to dismiss on the same basis.  *See* ECF 37, Pls.' Opp'n to Defs.' Partial Motion to Dismiss at 3-6.

For the reasons explained by the Sixth Circuit, Plaintiffs respectfully request that the Court enter summary judgment in their favor on an expedited basis before the third iteration of the Eviction Moratorium takes effect on April 1, 2021.

Dated: March 29, 2021				Respectfully submitted,

*s/ Brett A. Shumate*
Brett A. Shumate (D.C. Bar No. 974673)
Charlotte H. Taylor (D.C. Bar No. 1024658)
Megan Lacy Owen (D.C. Bar No. 1007688)
    (*pro hac vice*)
Stephen J. Kenny (D.C. Bar No. 1027711)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

Autumn Hamit Patterson
    (Texas Bar No. 24092947)
    (*pro hac vice*)
JONES DAY
2727 N. Harwood St.
Dallas, Texas 75201
Telephone:  (214) 220-3939
Facsimile: (214) 969-5100

*Counsel for Plaintiffs*