# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:20−cv−03377−DLF

ALABAMA ASSOCIATION OF REALTORS et al v. UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES et al
Assigned to: Judge Dabney L. Friedrich
Cause: 05:0706 Judicial Review of Agency Actions

Date Filed: 11/20/2020
Date Terminated: 05/05/2021
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| | | |
|---|---|---|
| **ALABAMA ASSOCIATION OF REALTORS** | represented by | **Autumn Hamit Patterson**<br>JONES DAY<br>2727 North Harwood St.<br>Dallas, TX 75201<br>214−220−3939<br>Email: ahpatterson@jonesday.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Charlotte Taylor**<br>JONES DAY<br>51 Louisiana Ave, NW<br>Washington, DC 20001<br>202−879−3872<br>Email: ctaylor@jonesday.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Megan Lacy Owen**<br>JONES DAY<br>51 Louisiana Ave, NW<br>Washington, DC 20001<br>202−879−3404<br>Email: mlacyowen@jonesday.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Brett A. Shumate**<br>JONES DAY<br>51 Louisiana Avenue, NW<br>Washington, DC 20001<br>(202) 879−3855<br>Email: bshumate@jonesday.com<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **DANNY FORDHAM** | represented by | **Autumn Hamit Patterson**<br>(See above for address) |

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charlotte Taylor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan Lacy Owen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brett A. Shumate**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FORDHAM & ASSOCIATES, LLC**          represented by  **Autumn Hamit Patterson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charlotte Taylor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan Lacy Owen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brett A. Shumate**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**H.E. CAUTHEN LAND AND
DEVELOPMENT, LLC**          represented by  **Autumn Hamit Patterson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charlotte Taylor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan Lacy Owen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brett A. Shumate**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**GEORGIA ASSOCIATION OF
REALTORS**

represented by **Autumn Hamit Patterson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charlotte Taylor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan Lacy Owen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brett A. Shumate**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ROBERT GILSTRAP**

represented by **Autumn Hamit Patterson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charlotte Taylor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan Lacy Owen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brett A. Shumate**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**TITLE ONE MANAGEMENT, LLC**

represented by **Autumn Hamit Patterson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charlotte Taylor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan Lacy Owen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brett A. Shumate**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

**UNITED STATES DEPARTMENT OF**
**HEALTH AND HUMAN SERVICES**

represented by **Leslie Cooper Vigen**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Room 11308
Washington, DC 20005
(202) 305−0727
Fax: (202) 616−8470
Email: leslie.vigen@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven A. Myers**
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 305−8648
Fax: (202) 616−8470
Email: steven.a.myers@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**ALEX M. AZAR, II**
*in his official capacity as Secretary of*
*Health and Human Services*

represented by **Leslie Cooper Vigen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven A. Myers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**UNITED STATES DEPARTMENT OF**
**JUSTICE**

represented by **Leslie Cooper Vigen**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Steven A. Myers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM P. BARR**
*in his official capacity as Attorney*
*General*

represented by **Leslie Cooper Vigen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven A. Myers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CENTERS FOR DISEASE CONTROL**
**AND PREVENTION**

represented by **Leslie Cooper Vigen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven A. Myers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT R. REDFIELD**
*in his official capacity as Director of the*
*Centers for Disease Control and*
*Prevention*

represented by **Leslie Cooper Vigen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven A. Myers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NINA B WITKOFSKY**
*in her official capacity as Acting Chief of*
*Staff, Centers for Disease Control and*
*Prevention*

represented by **Leslie Cooper Vigen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven A. Myers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/20/2020 | 1 | | COMPLAINT against All Plaintiffs *against All Defendants* ( Filing fee $ 400 receipt number ADCDC−7861856) filed by ROBERT GILSTRAP, FORDHAM & ASSOCIATES, LLC, TITLE ONE MANAGEMENT, LLC, DANNY FORDHAM, ALABAMA ASSOCIATION OF REALTORS, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, GEORGIA ASSOCIATION OF REALTORS. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons)(Shumate, Brett) (Entered: 11/20/2020) |
| 11/20/2020 | 2 | | NOTICE OF RELATED CASE by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC. Case related to Case No. 1:20−cv−3702−WMR (N.D. Ga.); 2:20−cv−02692−MSN−atc (W.D. Tenn.); 6:20−cv−00564 (E.D. Tex.); 5:20−cv−02407−JRA (N.D. Ohio). (Shumate, Brett) (Entered: 11/20/2020) |
| 11/20/2020 | 3 | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by FORDHAM & ASSOCIATES, LLC (Shumate, Brett) (Entered: 11/20/2020) |
| 11/20/2020 | 4 | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by H.E. CAUTHEN LAND AND DEVELOPMENT, LLC (Shumate, Brett) (Entered: 11/20/2020) |
| 11/20/2020 | 5 | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by TITLE ONE MANAGEMENT, LLC (Shumate, Brett) (Entered: 11/20/2020) |
| 11/20/2020 | 6 | | MOTION for Summary Judgment *(Expedited)* by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC (Attachments: # 1 Memorandum in Support, # 2 Declaration Fordham Declaration, # 3 Declaration Gilstrap Declaration, # 4 Declaration Cororaton Declaration, # 5 Declaration Walker Declaration, # 6 Declaration Junkin Declaration, # 7 Proposed Order)(Shumate, Brett) (Entered: 11/20/2020) |
| 11/20/2020 | 7 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Megan Lacy Owen, Filing fee $ 100, receipt number ADCDC−7862927. Fee Status: Fee Paid. by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC (Attachments: # 1 Declaration of Megan Lacy Owen, # 2 Proposed Order)(Shumate, Brett) (Entered: 11/20/2020) |
| 11/20/2020 | 8 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Autumn Hamit Patterson, Filing fee $ 100, receipt number ADCDC−7862993. Fee Status: Fee Paid. by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC (Attachments: # 1 Declaration of Autumn Hamit Patterson, # 2 Proposed Order)(Shumate, Brett) (Entered: 11/20/2020) |
| 11/23/2020 | | | Case Assigned to Judge Dabney L. Friedrich. (zsb) (Entered: 11/23/2020) |
| 11/23/2020 | 9 | | SUMMONS (7) Issued Electronically as to ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY. (Attachment: # 1 Notice and Consent)(adh, ) (Entered: 11/23/2020) |

| 11/23/2020 | 10 | | STANDARD ORDER for Civil Cases. See text for details. Signed by Judge Dabney L. Friedrich on November 23, 2020. (lcdlf2) (Entered: 11/23/2020) |
|---|---|---|---|
| 11/23/2020 | | | MINUTE ORDER granting the plaintiffs' 7 Motion for Admission Pro Hac Vice of Attorney Megan Lacy Owen. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). For instructions visit: https://www.dcd.uscourts.gov/sites/dcd/files/NextGEN_Tutorial_for_Registering_for_E−filing.pdf. So Ordered by Judge Dabney L. Friedrich on November 23, 2020. (lcdlf2) (Entered: 11/23/2020) |
| 11/23/2020 | | | MINUTE ORDER granting the plaintiffs' 8 Motion for Admission Pro Hac Vice of Attorney Autumn Hamit Patterson. Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). For instructions visit: https://www.dcd.uscourts.gov/sites/dcd/files/NextGEN_Tutorial_for_Registering_for_E−filing.pdf. So Ordered by Judge Dabney L. Friedrich on November 23, 2020. (lcdlf2) (Entered: 11/23/2020) |
| 11/24/2020 | 11 | | NOTICE of Appearance by Autumn Hamit Patterson on behalf of All Plaintiffs (Patterson, Autumn) (Main Document 11 replaced on 11/24/2020) (zeg). (Entered: 11/24/2020) |
| 11/24/2020 | 12 | | NOTICE of Appearance by Megan Lacy Owen on behalf of All Plaintiffs (Lacy Owen, Megan) (Main Document 12 replaced on 11/24/2020) (zeg). (Main Document 12 replaced on 11/24/2020) (zeg). (Entered: 11/24/2020) |
| 12/03/2020 | 13 | | CERTIFICATE OF SERVICE by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC re 6 MOTION for Summary Judgment *(Expedited) Amended Certificate of Service.* (Shumate, Brett) (Entered: 12/03/2020) |
| 12/03/2020 | 14 | | NOTICE of Appearance by Leslie Cooper Vigen on behalf of All Defendants (Vigen, Leslie) (Entered: 12/03/2020) |
| 12/03/2020 | 15 | | Joint MOTION for Briefing Schedule by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY (Attachments: # 1 Text of Proposed Order)(Vigen, Leslie) (Entered: 12/03/2020) |
| 12/03/2020 | 16 | | NOTICE of Appearance by Steven A. Myers on behalf of All Defendants (Myers, Steven) (Entered: 12/03/2020) |
| 12/04/2020 | | | MINUTE ORDER granting the parties' 15 Joint Motion for Briefing Schedule. Accordingly, the defendants shall provide the administrative record to the plaintiffs and file a certified list of its contents on or before December 11, 2020; the defendants shall file their opposition to the plaintiffs' expedited summary judgment motion and their cross−motion for summary judgment on or before December 21, 2020; the plaintiffs shall file any reply in support of their motion and their opposition to the defendants' cross−motion for summary judgment on or before December 28, 2020; and the defendants shall file any reply in support of their cross−motion on or before January 6, 2021. It is FURTHER ORDERED that the defendants' obligation to answer shall be deferred to 30 days following resolution of the cross−motions, if the case remains pending. So Ordered by Judge Dabney L. Friedrich on December 4, 2020. (lcdlf2) (Entered: 12/04/2020) |
| 12/04/2020 | 17 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ALEX M. AZAR, II served on 11/30/2020 (Shumate, Brett) (Entered: 12/04/2020) |
| 12/04/2020 | 18 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. WILLIAM P. BARR served on 11/30/2020 (Shumate, Brett) (Entered: 12/04/2020) |

| 12/04/2020 | 19 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CENTERS FOR DISEASE CONTROL AND PREVENTION served on 11/30/2020 (Shumate, Brett) (Entered: 12/04/2020) |
|---|---|---|---|
| 12/04/2020 | 20 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES DEPARTMENT OF JUSTICE served on 11/30/2020 (Shumate, Brett) (Entered: 12/04/2020) |
| 12/04/2020 | 21 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES served on 11/30/2020 (Shumate, Brett) (Entered: 12/04/2020) |
| 12/04/2020 | 22 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ROBERT R. REDFIELD served on 11/30/2020 (Shumate, Brett) (Entered: 12/04/2020) |
| 12/04/2020 | 23 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. NINA B WITKOFSKY served on 11/30/2020 (Shumate, Brett) (Entered: 12/04/2020) |
| 12/11/2020 | 24 | | NOTICE *of Filing* by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY (Attachments: # 1 Exhibit Administrative Record Certification & Index)(Vigen, Leslie) (Entered: 12/11/2020) |
| 12/16/2020 | 25 | | NOTICE *of Filing* by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY re 24 Notice (Other), (Attachments: # 1 Exhibit Administrative Record Recertification & Updated Index)(Vigen, Leslie) (Entered: 12/16/2020) |
| 12/21/2020 | 26 | | MOTION for Summary Judgment by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY (Attachments: # 1 Text of Proposed Order)(Myers, Steven) (Entered: 12/21/2020) |
| 12/21/2020 | 27 | | Memorandum in opposition to re 6 MOTION for Summary Judgment *(Expedited)* filed by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Text of Proposed Order)(Myers, Steven) (Entered: 12/21/2020) |
| 12/28/2020 | 28 | | Memorandum in opposition to re 26 MOTION for Summary Judgment filed by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Shumate, Brett) (Entered: 12/28/2020) |
| 12/28/2020 | 29 | | REPLY to opposition to motion re 6 MOTION for Summary Judgment *(Expedited)* filed by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Shumate, Brett) (Entered: 12/28/2020) |
| 12/31/2020 | 30 | | NOTICE *of Congressional Action* by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT |

| | | | |
|---|---|---|---|
| | | | OF JUSTICE, NINA B WITKOFSKY (Vigen, Leslie) (Entered: 12/31/2020) |
| 01/06/2021 | 31 | | REPLY to opposition to motion re 26 MOTION for Summary Judgment filed by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY. (Vigen, Leslie) (Entered: 01/06/2021) |
| 01/06/2021 | 32 | | Partial MOTION to Dismiss by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Vigen, Leslie) (Entered: 01/06/2021) |
| 01/07/2021 | 33 | | Consent MOTION to Stay by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC (Attachments: # 1 Text of Proposed Order)(Shumate, Brett) (Entered: 01/07/2021) |
| 01/08/2021 | | | MINUTE ORDER. Upon consideration of the plaintiffs' 33 Consent Motion for a Temporary Stay, it is ORDERED that the motion is GRANTED. The plaintiffs' deadline to respond to the defendants' 32 Partial Motion to Dismiss is STAYED. On or before February 8, 2021, the parties shall file a joint status report advising the Court as to how they wish to proceed in this case. So Ordered by Judge Dabney L. Friedrich on January 8, 2021. (lcdlf2) (Entered: 01/08/2021) |
| 01/08/2021 | | | Set/Reset Deadlines: Status Report due by 2/8/2021 (zjch) (Entered: 01/08/2021) |
| 01/26/2021 | 34 | | NOTICE of Appearance by Charlotte Taylor on behalf of All Plaintiffs (Taylor, Charlotte) (Entered: 01/26/2021) |
| 02/01/2021 | 35 | | NOTICE of Extension by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY (Attachments: # 1 Exhibit January 29, 2021 CDC Order)(Vigen, Leslie) (Entered: 02/01/2021) |
| 02/08/2021 | 36 | | Joint STATUS REPORT by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC. (Shumate, Brett) (Entered: 02/08/2021) |
| 02/10/2021 | | | MINUTE ORDER. Upon consideration of the parties' 36 Joint Status Report, it is ORDERED that the following schedule shall govern further proceedings: the plaintiffs shall file a response to the defendants' partial motion to dismiss on or before February 15, 2021; the defendants shall file a reply in support of their partial motion to dismiss on or before February 22, 2021; the defendants shall file an updated certified list of the contents of the administrative record on or before February 22, 2021; and the plaintiffs shall file an appendix pursuant to Local Civil Rule 7(n) on or before February 24, 2021. So Ordered by Judge Dabney L. Friedrich on February 10, 2021. (lcdlf2) (Entered: 02/10/2021) |
| 02/10/2021 | | | Set/Reset Deadlines: Administrative Record due by 2/22/2021. Appendix due by 2/24/2021. Dispositive Motions due by 2/15/2021. Reply to Dispositive Motions due by 2/22/2021. (zjch) (Entered: 02/10/2021) |
| 02/15/2021 | 37 | | |

| | | | |
|---|---|---|---|
| | | | Memorandum in opposition to re 32 Partial MOTION to Dismiss filed by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC. (Attachments: # 1 Text of Proposed Order)(Shumate, Brett) (Entered: 02/15/2021) |
| 02/22/2021 | 38 | | REPLY to opposition to motion re 32 Partial MOTION to Dismiss filed by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY. (Vigen, Leslie) (Entered: 02/22/2021) |
| 02/22/2021 | 39 | | NOTICE of Filing by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY (Attachments: # 1 Affidavit Certification of Supplemental Administrative Record, # 2 Supplement Index of Supplemental Administrative Record)(Vigen, Leslie) (Entered: 02/22/2021) |
| 02/24/2021 | 40 | | JOINT APPENDIX by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC. (Attachments: # 1 Index of Joint Appendix, # 2 Joint Appendix Part 1, # 3 Joint Appendix Part 2, # 4 Joint Appendix Part 3)(Shumate, Brett) (Entered: 02/24/2021) |
| 02/26/2021 | 41 | | NOTICE OF SUPPLEMENTAL AUTHORITY by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC (Attachments: # 1 Opinion and Order, # 2 Judgment)(Shumate, Brett) (Entered: 02/26/2021) |
| 02/27/2021 | 42 | | RESPONSE re 41 NOTICE OF SUPPLEMENTAL AUTHORITY, filed by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY. (Myers, Steven) (Entered: 02/27/2021) |
| 02/28/2021 | 43 | | REPLY re 41 NOTICE OF SUPPLEMENTAL AUTHORITY, filed by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC. (Shumate, Brett) (Entered: 02/28/2021) |
| 03/10/2021 | 44 | | NOTICE OF SUPPLEMENTAL AUTHORITY by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC (Attachments: # 1 Exhibit A)(Shumate, Brett) (Entered: 03/10/2021) |
| 03/12/2021 | 45 | | RESPONSE re 44 NOTICE OF SUPPLEMENTAL AUTHORITY, filed by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY. (Vigen, Leslie) (Entered: 03/12/2021) |

| 03/15/2021 | 46 | | REPLY re 44 NOTICE OF SUPPLEMENTAL AUTHORITY, filed by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC. (Shumate, Brett) (Entered: 03/15/2021) |
|---|---|---|---|
| 03/15/2021 | 47 | | NOTICE OF SUPPLEMENTAL AUTHORITY by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC (Attachments: # 1 Exhibit A)(Shumate, Brett) (Entered: 03/15/2021) |
| 03/19/2021 | 48 | | RESPONSE re 47 NOTICE OF SUPPLEMENTAL AUTHORITY, filed by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY. (Vigen, Leslie) (Entered: 03/19/2021) |
| 03/22/2021 | 49 | | NOTICE of Imminent Extension of Eviction Moratorium by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Shumate, Brett) (Entered: 03/22/2021) |
| 03/29/2021 | 50 | | NOTICE of Extension and Supplemental Authority by ALABAMA ASSOCIATION OF REALTORS, DANNY FORDHAM, FORDHAM & ASSOCIATES, LLC, GEORGIA ASSOCIATION OF REALTORS, ROBERT GILSTRAP, H.E. CAUTHEN LAND AND DEVELOPMENT, LLC, TITLE ONE MANAGEMENT, LLC (Attachments: # 1 Exhibit A − Extension of Eviction Moratorium, # 2 Exhibit B − Sixth Circuit Order)(Shumate, Brett) (Entered: 03/29/2021) |
| 03/31/2021 | 51 | | RESPONSE re 50 Notice (Other), of Extension and Supplemental Authority filed by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY. (Vigen, Leslie) (Entered: 03/31/2021) |
| 04/02/2021 | | | NOTICE of Hearing: Motion Hearing set for 4/14/2021 at 2:00 PM via video before Judge Dabney L. Friedrich. (zjch) (Entered: 04/02/2021) |
| 04/07/2021 | 52 | | NOTICE of Filing by ALEX M. AZAR, II, WILLIAM P. BARR, CENTERS FOR DISEASE CONTROL AND PREVENTION, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, NINA B WITKOFSKY (Attachments: # 1 Declaration Certification of Second Supplemental Administrative Record, # 2 Supplement Index of Second Supplemental Administrative Record, # 3 Supplement Supplement to Certified Administrative Record)(Vigen, Leslie) (Entered: 04/07/2021) |
| 04/08/2021 | | | Set/Reset Hearings: Motion Hearing set for 4/29/2021 at 10:00 AM via video before Judge Dabney L. Friedrich. (zjch) (Entered: 04/08/2021) |
| 04/29/2021 | | | Minute Entry for proceedings held before Judge Dabney L. Friedrich: Motion Hearing held on 4/29/2021 re 32 Partial MOTION to Dismiss filed by NINA B WITKOFSKY, CENTERS FOR DISEASE CONTROL AND PREVENTION, WILLIAM P. BARR, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF JUSTICE, ALEX M. AZAR, II, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, 26 MOTION for Summary Judgment |

| | | | |
|---|---|---|---|
| | | | filed by NINA B WITKOFSKY, CENTERS FOR DISEASE CONTROL AND PREVENTION, WILLIAM P. BARR, ROBERT R. REDFIELD, UNITED STATES DEPARTMENT OF JUSTICE, ALEX M. AZAR, II, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES. Court Reporter Sara Wick. (zjch) (Entered: 04/29/2021) |
| 05/05/2021 | 53 | | ORDER denying the defendants' 26 Motion for Summary Judgment and 32 Partial Motion to Dismiss, and granting the plaintiffs' 6 Motion for Expedited Summary Judgment. See text for details. The Clerk of Court is directed to close this case. Signed by Judge Dabney L. Friedrich on May 5, 2021. (lcdlf1) (Entered: 05/05/2021) |
| 05/05/2021 | 54 | | MEMORANDUM OPINION regarding the plaintiffs' 6 Motion for Expedited Summary Judgment and the defendants' 26 Motion for Summary Judgment and 32 Partial Motion to Dismiss. See text for details. Signed by Judge Dabney L. Friedrich on May 5, 2021. (lcdlf1) (Entered: 05/05/2021) |
| 05/05/2021 | 55 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 54 Memorandum & Opinion, 53 Order on Motion for Summary Judgment,, Order on Motion to Dismiss,,, by WILLIAM P. BARR, ALEX M. AZAR, II, CENTERS FOR DISEASE CONTROL AND PREVENTION, NINA B WITKOFSKY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF JUSTICE, ROBERT R. REDFIELD. Fee Status: No Fee Paid. Parties have been notified. (Vigen, Leslie) (Entered: 05/05/2021) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ALABAMA ASSOCIATION OF REALTORS, *et al.*,<br><br>    Plaintiffs,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>    Defendants. | No. 20-cv-3377 (DLF) |

## <u>NOTICE OF APPEAL</u>

PLEASE TAKE NOTICE that all Defendants (United States Department of Health and Human Services; Xavier Becerra, in his official capacity as Secretary of Health and Human Services; United States Department of Justice; Merrick B. Garland, in his official capacity as Attorney General; Centers for Disease Control; Rochelle P. Walensky, in her official capacity as Director, Centers for Disease Control and Prevention; and Sherri A. Berger, in her official capacity as Acting Chief of Staff for Centers for Disease Control and Prevention), hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's Order of May 5, 2021, along with its Memorandum Opinion of May 5, 2021.

Dated: May 5, 2021

                                   Respectfully submitted,

                                   BRIAN M. BOYNTON
                                   Acting Assistant Attorney General

                                   ERIC BECKENHAUER
                                   Assistant Director, Federal Programs Branch

                                   */s/ Leslie Cooper Vigen*
                                   LESLIE COOPER VIGEN
                                   Trial Attorney (DC Bar No. 1019782)

STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
E-mail: leslie.vigen@usdoj.gov

*Counsel for Defendants*

|  |  |
|---|---|
| ALABAMA ASSOCIATION OF REALTORS, *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 20-cv-3377 (DLF) |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | |
| *Defendants.* | |

## MEMORANDUM OPINION

As part of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), Congress enacted a 120-day eviction moratorium that applied to rental properties receiving federal assistance, *id.* § 4024(b). After that moratorium expired, the U.S. Department of Health and Human Services (HHS), through the Centers for Disease Control and Prevention (CDC), issued an order implementing a broader eviction moratorium that applied to all rental properties nationwide, 85 Fed. Reg. 55,292 (Sept. 4, 2020), which prompted this suit. Since then, Congress has granted a 30-day extension of the CDC Order, and the CDC has extended the order twice itself. The current order is set to expire on June 30, 2021.

In this action, the plaintiffs raise a number of statutory and constitutional challenges to the CDC Order. Before the Court is the plaintiffs' Motion for Expedited Summary Judgment, Dkt. 6, as well as the Department's Motion for Summary Judgment, Dkt. 26, and Partial Motion to Dismiss, Dkt. 32. For the reasons that follow, the Court will grant the plaintiffs' motion and deny the Department's motions.

## I.    BACKGROUND

On March 13, 2020, then-President Trump declared COVID-19 a national emergency. *See generally* Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak, Proclamation 9994, 85 Fed. Reg. 15,337 (Mar. 13, 2020).  Two weeks later, he signed the CARES Act into law.  *See* Pub. L. No. 116-136, 134 Stat. 281 (2020).  The CARES Act included a 120-day eviction moratorium with respect to rental properties that participated in federal assistance programs or were subject to federally-backed loans.  *See id.* § 4024.  In addition, some—but not all—states adopted their own temporary eviction moratoria. Administrative Record ("AR") at 966–72, 986–1024, Dkt. 40.  The CARES Act's federal eviction moratorium expired in July 2020.

On August 8, 2020, then-President Trump issued an executive order directing the Secretary of HHS ("the Secretary") and the Director of the CDC to "consider whether any measures temporarily halting residential evictions of any tenants for failure to pay rent are reasonably necessary to prevent the further spread of COVID-19 from one State or possession into any other State or possession."  Fighting the Spread of COVID-19 by Providing Assistance to Renters and Homeowners, Executive Order 13,945, 85 Fed. Reg. 49,935, 49,936 (Aug. 8, 2020).

Weeks later, on September 4, 2020, the CDC issued the "Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19" ("CDC Order"), pursuant to § 361 of the Public Health Service Act, 42 U.S.C. § 264(a), and 42 C.F.R. § 70.2.  85 Fed. Reg. 55,292 (Sept. 4, 2020).  In this order, the CDC determined that a temporary halt on residential evictions was "a reasonably necessary measure . . . to prevent the further spread of COVID-19."  85 Fed. Reg. at 55,296.  As the CDC explained, the eviction moratorium facilitates self-isolation for individuals

2

infected with COVID-19 or who are at a higher-risk of severe illness from COVID-19 given their underlying medical conditions.  *Id.* at 55,294.  It also enhances state and local officials' ability to implement stay-at-home orders and other social distancing measures, reduces the need for congregate housing, and helps prevent homelessness.  *Id.* at 55,294.

The CDC Order declared that "a landlord, owner of a residential property, or other person with a legal right to pursue eviction or possessory action shall not evict any covered person."  *Id.* at 55,296.  To qualify for protection under the moratorium, a tenant must submit a declaration to their landlord affirming that they: (1) have "used best efforts to obtain all available government assistance for rent or housing"; (2) expect to earn less than $99,000 in annual income in 2020, were not required to report any income in 2019 to the Internal Revenue Service, or received a stimulus check under the CARES Act; (3) are "unable to pay the full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, a lay-off, or extraordinary out-of-pocket medical expenses"; (4) are "using best efforts to make timely partial payments"; (5) would likely become homeless or be forced to move into a shared residence if evicted; (6) understand that rent obligations still apply; and (7) understand that the moratorium is scheduled to end on December 31, 2020.  *Id.* at 55,297.

Unlike the CARES Act's moratorium, which only applied to certain federally backed rental properties, the CDC Order applied to all residential properties nationwide.  *Id.* at 55,293.  In addition, the CDC Order includes criminal penalties.  Individuals who violate its provisions are subject to a fine of up to $250,000, one year in jail, or both, and organizations are subject to a fine of up to $500,000.  *Id.* at 55,296.

The CDC Order was originally slated to expire on December 31, 2020.  *Id.* at 55,297.  As part of the Consolidated Appropriations Act, however, Congress extended the CDC Order to

apply through January 31, 2021, Pub. L. No. 116-260, § 502, 134 Stat. 1182 (2020). On January

29, 2021, the CDC extended the order through March 31, 2021. Temporary Halt in Residential

Evictions to Prevent the Further Spread of COVID-19, 86 Fed. Reg. 8020 (Feb. 3, 2021). In this

extension, the CDC updated its findings to account for new evidence of how conditions had

worsened since the original order was issued, as well as "[p]reliminary modeling projections and

observational data" from states that lifted eviction moratoria "indicat[ing] that evictions

substantially contribute to COVID-19 transmission." *Id.* at 8022. The CDC later extended the

order through June 30, 2021. Temporary Halt in Residential Evictions to Prevent the Further

Spread of COVID-19, 86 Fed. Reg. 16,731 (Mar. 31, 2021).

### A. Procedural History

The plaintiffs—Danny Fordham, Robert Gilstrap, the corporate entities they use to

manage rental properties (Fordham & Associates, LLC, H.E. Cauthen Land and Development,

LLC, and Title One Management, LLC), and two trade associations (the Alabama and Georgia

Associations of Realtors)—filed this action on November 20, 2020. Compl., Dkt. 1. They

challenge the lawfulness of the eviction moratorium on a number of statutory and constitutional

grounds. The plaintiffs allege that the eviction moratorium exceeds the CDC's statutory

authority, *id.* ¶¶ 81–84 (Count III), violates the notice-and-comment requirement, *id.* ¶¶ 63–70

(Count I), and is arbitrary and capricious, *id.* ¶¶ 85–91 (Count IV), all in violation of the

Administrative Procedure Act (APA). The plaintiffs further allege that the eviction moratorium

fails to comply with the Regulatory Flexibility Act. *Id.* ¶¶ 71–78 (Count II). To the extent that

the Public Health Service Act authorizes the eviction moratorium, the plaintiffs allege that the

Act is an unconstitutional delegation of legislative power under Article I. *Id.* ¶¶ 92–95 (Count

V). Finally, the plaintiffs allege that the eviction moratorium constitutes an unlawful taking of

property in violation of the Takings Clause, *id.* ¶¶ 96–103 (Count VI), violates the Due Process Clause, *id.* ¶¶ 96–110 (Count VII), and deprives the plaintiffs of their right of access to courts, *id.* ¶¶ 111–15 (Count VIII). The plaintiffs seek declaratory and injunctive relief, attorneys' fees and costs, and any other relief the Court deems just and proper. *Id.* ¶¶ 116–20.

Before the Court is the plaintiffs' expedited motion for summary judgment, Dkt. 6, and the Department's cross-motion for summary judgment. Also before the Court is the Department's partial motion to dismiss, Dkt. 32, in which the Department argues that Congress ratified the CDC Order when it extended the eviction moratorium in the Consolidated Appropriations Act of 2021. All three motions are now ripe for review.

### B. Relevant Decisions

This Court is not the first to address a challenge to the national eviction moratorium set forth in the CDC Order. In the last several months, at least six courts have considered various statutory and constitutional challenges to the CDC Order. Most recently, the Sixth Circuit denied a motion to stay a district court decision that held that the order exceeded the CDC's authority under 42 U.S.C. § 264(a), *see Tiger Lily, LLC v. United States Dep't of Hous. & Urb. Dev.*, No. 2:20-cv-2692, 2021 WL 1171887, at *4 (W.D. Tenn. Mar. 15, 2021) (concluding that the CDC Order exceeded the statutory authority of the Public Health Service Act), *appeal filed* No. 21-5256 (6th Cir. 2021); *Tiger Lily, LLC v. United States Dep't of Hous. & Urb. Dev.*, 992 F.3d 518, 520 (6th Cir. 2021) (denying emergency motion for stay pending appeal); *see also Skyworks, Ltd. v. Ctrs. for Disease Control & Prevention*, No. 5:20-cv-2407, 2021 WL 911720, at *12 (N.D. Ohio Mar. 10, 2021) (holding that the CDC exceeded its authority under 42 U.S.C. § 264(a)). Two other district courts, however, declined to enjoin the CDC Order at the preliminary injunction stage, *see Brown v. Azar*, No. 1:20-cv-03702, 2020 WL 6364310, at *9–

11 (N.D. Ga. Oct. 29, 2020), *appeal filed*, No. 20-14210 (11th Cir. 2020); *Chambless Enterprises, LLC v. Redfield*, No. 20-cv-01455, 2020 WL 7588849, at *5–9 (W.D. La. Dec. 22, 2020), *appeal filed*, No. 21-30037 (5th Cir. 2021). Separately, another district court declared that the federal government lacks the constitutional authority altogether to issue a nationwide moratorium on evictions. *See Terkel v. Ctrs. for Disease Control & Prevention*, No. 6:20-cv-564, 2021 WL 742877, at *1–2, 10–11 (E.D. Tex. Feb. 25, 2021), *appeal filed*, No. 21-40137 (5th Cir. 2021).

## II.     LEGAL STANDARD

Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is "material" if it has the potential to change the substantive outcome of the litigation. *See id.* at 248; *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). And a dispute is "genuine" if a reasonable jury could determine that the evidence warrants a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248; *Holcomb*, 433 F.3d at 895.

In a case reviewing agency action, summary judgment "serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006). "[T]he entire case . . . is a question of law," and the district court "sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (internal quotation marks and footnote omitted).

### III. ANALYSIS

#### A. Standing

Article III of the Constitution limits the "judicial Power" of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "[T]here is no justiciable case or controversy unless the plaintiff has standing." *West v. Lynch*, 845 F.3d 1228, 1230 (D.C. Cir. 2017). To establish standing, a plaintiff must demonstrate a concrete injury-in-fact that is fairly traceable to the defendant's action and redressable by a favorable judicial decision. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

Since the CDC Order went into effect, the three real estate management company plaintiffs have each had tenants who have stopped paying rent, invoked the protections of the eviction moratorium, and would be subject to eviction but for the CDC Order. *See* Decl. of Danny Fordham ¶¶ 2–5, 9–17, Dkt. 6-2; Decl. of Robert Gilstrap ¶¶ 2, 4–12, Dkt. 6-3. At a minimum, these three plaintiffs have established a concrete injury that is traceable to the CDC Order and is redressable by a decision vacating the CDC Order. *See Summers*, 555 U.S. at 493. "[I]t is immaterial that other plaintiffs might be unable to demonstrate their own standing," *J.D. v. Azar*, 925 F.3d 1291, 1323 (D.C. Cir. 2019), because "Article III's case-or-controversy requirement is satisfied if one plaintiff can establish injury and standing," *id.*

#### B. The Agency's Statutory Authority

Section 361 of the Public Health Service Act empowers the Secretary to "make and enforce such regulations as in his judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases" either internationally or between states.[1] 42

---

[1] "Although the statute states that this authority belongs to the Surgeon General, subsequent reorganizations not relevant here have resulted in the transfer of this responsibility to the Secretary." *Skyworks*, 2021 WL 911720, at *5.

U.S.C. § 264(a). "For purposes of carrying out and enforcing such regulations," the Secretary is authorized to "provide for such inspection, fumigation, disinfection, sanitation, pest extermination, destruction of animals or articles found to be so infected or contaminated as to be sources of dangerous infection to human beings, and other measures, as in his judgment may be necessary." *Id.* The Secretary is also authorized to, within certain limits, make and enforce regulations to apprehend, examine, and, if necessary, detain individuals "believed to be infected with a communicable disease" or who are "coming into a State or possession" from a foreign country. *Id.* § 264(b)–(d).

By regulation, the Secretary delegated this authority to the Director of the CDC. 42 C.F.R. § 70.2. Pursuant to this regulation, when the Director of the CDC determines that the measures taken by health authorities of any state or local jurisdiction are insufficient to prevent the spread of communicable disease, "he/she may take such measures to prevent such spread of the diseases as he/she deems reasonably necessary, including inspection, fumigation, disinfection, sanitation, pest extermination, and destruction of animals or articles believed to be sources of infection." *Id.*

In determining whether the eviction moratorium in the CDC Order exceeds the Department's statutory authority, the Department urges the Court to apply the familiar two-step *Chevron* framework. *See* Defs.' Mot. for Summ. J. ("Def.'s Cross-Mot.") at 8 (citing *Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984)). While it is true that "the CDC did not follow APA notice-and-comment rulemaking procedures before issuing the Eviction Moratorium," Pl.'s Mem. in Supp. of Expedited Mot. for Summ. J. ("Pl.'s Mem.") at 21, Dkt. 6-1, "*Chevron* deference is not necessarily limited to regulations that are the product of notice-and-comment rulemaking," *Pub. Citizen, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 332

8

F.3d 654, 660 (D.C. Cir. 2003). The *Chevron* framework applies where "Congress [has] delegated authority to the agency generally to make rules carrying the force of law" and "the agency interpretation claiming deference was promulgated in the exercise of that authority." *United States v. Mead*, 533 U.S. 218, 226–27 (2001); *Fox v. Clinton*, 684 F.3d 67, 78 (D.C. Cir. 2012). Here, the CDC Order was issued pursuant to a broad grant of rulemaking authority, *see* 42 U.S.C. § 264(a) (authorizing the Secretary to "make and enforce" regulations "to prevent the introduction, transmission, or spread of communicable diseases."); 42 C.F.R. § 70.2 (delegating this authority to the Director of the CDC), and was "clearly intended to have general applicability." *Kaufman v. Nielsen*, 896 F.3d 475, 484 (D.C. Cir. 2018). It was also issued "with a lawmaking pretense in mind," *Mead*, 533 U.S. at 233, published in the Federal Register, *see Citizens Exposing Truth about Casinos v. Kempthorne*, 492 F.3d 460, 467 (D.C. Cir. 2007), and backed with the threat of criminal penalties, 85 Fed. Reg. 55,296. Because the CDC Order was clearly intended to have the force of law, the two-step *Chevron* framework applies.[2]

Applying *Chevron* and using the traditional tools of statutory interpretation, a court must first consider at Step One "whether Congress has directly spoken to the precise question at issue." *Chevron*, 467 U.S. at 842. "If Congress has directly spoken to [an] issue, that is the end of the

---

[2] The fact that section 361 of the Public Health Service Act is administered by both the CDC and the FDA, *see* Control of Communicable Diseases; Apprehension and Detention of Persons With Specific Diseases; Transfer of Regulations, 65 Fed. Reg. 49,906, 49,907 (Aug. 16, 2000), does not preclude application of the *Chevron* framework. While courts "generally do not apply *Chevron* deference when the statute in question is administered by multiple agencies," *Kaufman*, 896 F.3d at 483; *see also, e.g.*, *DeNaples v. Office of Comptroller of Currency*, 706 F.3d 481, 487 (D.C. Cir. 2013), the FDA and the CDC are both sub-agencies within HHS. Accordingly, "there is nothing special to undermine *Chevron*'s premise that the grant of authority reflected a congressional expectation that courts would defer" to reasonable agency interpretations of the statute, and there is little risk of "conflicting mandates to regulated entities." *Loan Syndications & Trading Ass'n v. Sec. & Exch. Comm'n*, 882 F.3d 220, 222 (D.C. Cir. 2018) (summarizing instances where "*Chevron* is inapplicable due to the multiplicity of agencies").

9

matter." *Confederated Tribes of Grand Ronde Cmty. of Or. v. Jewell*, 830 F.3d 552, 558 (D.C. Cir. 2016) (citing *Chevron*, 467 U.S. at 837). "[T]he court, as well [as] the agency, must give effect to the unambiguously expressed intent of Congress." *Lubow v. U.S. Dep't of State*, 783 F.3d 877, 884 (D.C. Cir. 2015) (quoting *Chevron*, 467 U.S. at 842–43). Only if the text is silent or ambiguous does a court proceed to Step Two. There, a court must "determine if the agency's interpretation is permissible, and if so, defer to it." *Confederated Tribes of Grand Ronde Cmty.*, 830 F.3d at 558. To determine "whether [an] agency's interpretation is permissible or instead is foreclosed by the statute," courts use "all the tools of statutory interpretation," *Loving v. IRS*, 742 F.3d 1013, 1016 (D.C. Cir. 2014), and "interpret the words [of a statute] consistent with their ordinary meaning at the time Congress enacted the statute," *Wisconsin Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2070 (2018) (internal quotation marks and alteration omitted); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 78 (2012) ("Words must be given the meaning they had when the text was adopted.").

The first question, then, is whether the relevant statutory language addresses the "precise question at issue." *Chevron*, 467 U.S. at 842. As noted, the Public Health Service Act provides, in relevant part:

> The [CDC], with the approval of the Secretary, is authorized to make and enforce such regulations as in his judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or possessions, or from one State or possession into any other State or possession. For purposes of carrying out and enforcing such regulations, the [Secretary] may provide for such inspection, fumigation, disinfection, sanitation, pest extermination, destruction of animals or articles found to be so infected or contaminated as to be sources of dangerous infection to human beings, and other measures, as in his judgment may be necessary.

42 U.S.C. § 264(a). Other subsections of the Act authorize, in certain circumstances, the quarantine of individuals in order to prevent the interstate or international spread of disease. *See id.* § 264(b)–(d). Though the Public Health Service Act grants the Secretary broad authority to

10

make and enforce regulations necessary to prevent the spread of disease, his authority is not limitless.

Section 264(a) provides the Secretary with general rulemaking authority to "make and enforce *such regulations*," *id.* § 264(a) (emphasis added), that "in his judgment are necessary" to combat the international or interstate spread of communicable disease, *id.* But this broad grant of rulemaking authority in the first sentence of § 264(a) is tethered to—and narrowed by—the second sentence. It states: "For purposes of carrying out and enforcing *such regulations*," *id.* (emphasis added), the Secretary "may provide for such inspection, fumigation, disinfection, sanitation, pest extermination [and] destruction of animals or articles found to be so infected or contaminated as to be sources of dangerous infection to human beings." *Id.*

These enumerated measures are not exhaustive. The Secretary may provide for "other measures, as in his judgment may be necessary." *Id.* But any such "other measures" are "controlled and defined by reference to the enumerated categories before it." *See Tiger Lily*, 992 F.3d at 522–23 (internal quotation marks and alteration omitted); *id.* at 522 (applying the *ejusdem generis* canon to interpret the residual catchall phrase in § 264(a)). These "other measures" must therefore be similar in nature to those listed in § 264(a). *Id.*; *Skyworks*, 2021 WL 911720, at *10. And consequently, like the enumerated measures, these "other measures" are limited in two significant respects: first, they must be directed toward "animals or articles," 42 U.S.C. § 264(a), and second, those "animals or articles" must be "found to be so infected or contaminated as to be sources of dangerous infection to human beings," *id.*; *see Skyworks,* 2021 WL 911720, at *10. In other words, any regulations enacted pursuant to § 264(a) must be directed toward "specific targets 'found' to be sources of infection." *Id.*

The national eviction moratorium satisfies none of these textual limitations. Plainly, imposing a moratorium on evictions is different in nature than "inspect[ing], fumigat[ing], disinfect[ing], sanit[izing], . . . exterminat[ing] [or] destr[oying]," 42 U.S.C. § 264(a), a potential source of infection. *See Tiger Lily*, 992 F.3d at 524. Moreover, interpreting the term "articles" to include evictions would stretch the term beyond its plain meaning. *See* Webster's New International Dictionary 156 (2d ed. 1945) (defining an "article" as "[a] thing of a particular class or kind" or "a commodity"); *see also Skyworks,* 2021 WL 911720, at *10. And even if the meaning of the term "articles" could be stretched that far, the statute instructs that they must be "found to be so infected or contaminated as to be sources of dangerous infection to human beings." 42 U.S.C. § 264(a). The Secretary has made no such findings here. The fact that individuals with COVID-19 can be asymptomatic and that the disease is difficult to detect, Mot. Hr'g Rough Tr. at 26,[3] does not broaden the Secretary's authority beyond what the plain text of § 264(a) permits.

The Department reads § 264(a) another way. In the Department's view, the grant of rulemaking authority in § 264(a) is not limited *in any way* by the specific measures enumerated in § 264(a)'s second sentence. Defs.' Cross-Mot. at 18, 19 n.2. According to the Department, Congress granted the Secretary the "broad authority to make and enforce" *any* regulations that "in his judgment are necessary to prevent the spread of disease," *id.* at 11 (internal quotation marks omitted), across states or from foreign countries. In other words, the grant of rulemaking authority in § 264(a)'s first sentence is a congressional deferral to "the 'judgment' of public

---

[3] The official transcript from the motions hearing held on April 29, 2021 is forthcoming, and this opinion will be updated to include citations to that transcript when it becomes available.

health authorities about what measures they deem 'necessary' to prevent contagion." *Id*. at 9 (quoting 42 U.S.C. § 264(a)).

The Department's interpretation goes too far. The first sentence of § 264(a) is the starting point in assessing the scope of the Secretary's delegated authority. But it is not the ending point. While it is true that Congress granted the Secretary broad authority to protect the public health, it also prescribed clear means by which the Secretary could achieve that purpose. *See Colo. River Indian Tribes v. Nat'l Indian Gaming Comm'n*, 466 F.3d 134, 139 (D.C. Cir. 2006). And those means place concrete limits on the steps the Department can take to prevent the interstate and international spread of disease. *See supra* at 11. To interpret the Act otherwise would ignore its text and structure.

At *Chevron*'s first step, this Court must apply the "ordinary tools of the judicial craft," *Mozilla Corp. v. Fed. Commc'ns Comm'n*, 940 F.3d 1, 20 (D.C. Cir. 2019), including canons of construction, *see ArQule, Inc. v. Kappos*, 793 F. Supp. 2d 214, 219–20 (D.D.C. 2011). These canons confirm what the plain text reveals. The Secretary's authority does not extend as far as the Department contends.

*First*, "[i]t is… a cardinal principle of statutory construction that [courts] must give effect, if possible, to every clause and word of a statute." *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (internal quotation marks omitted). Applying that principle here, the Department's broad reading of § 264(a)'s first sentence would render the second sentence superfluous. If the first sentence empowered the Secretary to enact *any* regulation that, in his "judgment," was "necessary" to prevent the interstate spread of communicable disease, *id.*, there would be no need for Congress to enumerate the "measures" that the Secretary "may provide for" to carry out and enforce those regulations, *see id.* Though the surplusage canon "is not absolute," *Lamie v.*

*U.S. Tr.*, 540 U.S. 526, 536 (2004); *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 299 n.1 (2006), like the plain language, it supports a narrow reading of the statute.

*Second*, the canon of constitutional avoidance instructs that a court shall construe a statute to avoid serious constitutional problems unless such a construction is contrary to the clear intent of Congress. *See Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988). An overly expansive reading of the statute that extends a nearly unlimited grant of legislative power to the Secretary would raise serious constitutional concerns, as other courts have found. *See, e.g., Skyworks,* 2021 WL 911720, at *9 (noting that such a reading would raise doubts as to "whether Congress violated the Constitution by granting such a broad delegation of power unbounded by clear limitations or principles."); *Tiger Lily*, 992 F.3d at 523 (same); *id.* ("[W]e cannot read the Public Health Service Act to grant the CDC power to insert itself into the landlord-tenant relationship without some clear, unequivocal textual evidence of Congress's intent to do so"); *Terkel*, 2021 WL 742877, at *4–6 (holding that the CDC's eviction moratorium exceeds the federal government's power under the Commerce Clause). Congress did not express a clear intent to grant the Secretary such sweeping authority.

And *third*, the major questions doctrine is based on the same principle: courts "expect Congress to speak *clearly* if it wishes to assign to an agency decisions of vast 'economic and political significance.'" *Util. Air Regul. Grp. v. EPA*, 573 U.S. 302, 324 (2014) (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (emphasis added)); *Am. Lung Ass'n v. EPA*, 985 F.3d 914, 959 (D.C. Cir. 2021) (collecting cases). There is no question that the decision to impose a nationwide moratorium on evictions is one "of vast economic and political significance." *Util. Air Regul. Grp.*, 573 U.S. at 324 (internal quotation marks omitted).

Not only does the moratorium have substantial economic effects,[4] eviction moratoria have been the subject of "earnest and profound debate across the country," *Gonzales v. Oregon*, 546 U.S. 243, 267 (2006) (internal quotation marks omitted). At least forty-three states and the District of Columbia have imposed state-based eviction moratoria at some point during the COVID-19 pandemic, *see* 86 Fed. Reg. 16,731, 16,734, though, as the CDC noted in its most recent extension of the CDC Order, these protections either "have expired or are set to expire in many jurisdictions," *id.* at 16,737 n.35. Congress itself has twice addressed the moratorium on a nationwide-level—once through the CARES Act, *see* Pub. L. No. 116-136, § 4024, 134 Stat. 281 (2020), and again through the Consolidated Appropriations Act, *see* Pub. L. No. 116-260, § 502, 134 Stat. 1182 (2020).

Accepting the Department's expansive interpretation of the Act would mean that Congress delegated to the Secretary the authority to resolve not only this important question, but endless others that are also subject to "earnest and profound debate across the country." *Gonzales*, 546 U.S. at 267 (internal quotation marks omitted). Under its reading, so long as the Secretary can make a determination that a given measure is "necessary" to combat the interstate or international spread of disease, there is no limit to the reach of his authority.[5]

---

[4] In their briefing, the parties dispute the economic impact of the CDC order, *see, e.g.*, Pl.'s Mem. at 2 (estimating the nation's landlords will suffer "$55-76 billion" in losses as a consequence of the initial moratorium); Def.'s Cross-Mot. at 15 n.4 (disputing these figures). Regardless, the economic impact of the CDC Order is substantial. Indeed, the CDC itself estimates that "as many as 30-40 million people in America could be at risk of eviction" absent the CDC's moratorium as well as other State and local protections, 85 Fed. Reg. at 55,294–95. The CDC Order also qualifies as "a major rule under the Congressional Review Act," *id.* at 55,296, which means it is expected to have "an annual effect on the economy of $100,000,000 or more," 5 U.S.C. § 804(2).

[5] The only other potential limitation, imposed by regulation, is that the Director of the CDC would need to conclude that state and local health authorities have not taken sufficient measures to prevent the spread of communicable disease. *See* 42 C.F.R. § 70.2.

"Congress could not have intended to delegate" such extraordinary power "to an agency in so cryptic a fashion." *Brown & Williamson Tobacco Corp.*, 529 U.S. at 159. To be sure, COVID-19 is a novel disease that poses unique and substantial public health challenges, *see* Def.'s Cross-Mot. at 14, but the Court is "confident that the enacting Congress did not intend to grow such a large elephant in such a small mousehole." *Loving.*, 742 F.3d at 1021; *see also Brown & Williamson,* 529 U.S. at 160.

It is also telling that the CDC has never used § 264(a) in this manner. As the Department confirms, § 264(a) "has never been used to implement a temporary eviction moratorium," and "has rarely [been] utilized . . . for disease-control purposes." *See* Defs.' Cross-Mot. at 13–15, 23. "When an agency claims to discover in a long-extant statute an unheralded power to regulate a significant portion of the American economy," the Court must "greet its announcement with a measure of skepticism." *Util. Air Regul. Grp.*, 573 U.S. at 324 (internal quotation marks omitted).

The Department advances one final counterargument. It notes that subsequent subsections of the statute, § 264(b)–(d), contemplate that the Secretary may, under certain carefully prescribed circumstances, provide for the "apprehension, detention, or conditional release of individuals" who are arriving in the United States from abroad or who are "reasonably believed to be infected with a communicable disease," 42 U.S.C. § 264(b)–(d). And it stresses that enforced quarantines are not listed in—and are different in kind from—the measures enumerated in § 264(a). Defs.' Cross-Mot. at 10–11. Accordingly, the Department contends that the presence of these subsequent subsections demonstrates that the list of means in the second sentence of § 264(a) imposes *no* limits on the Secretary's authority under § 264(a). *Id.*

This argument is not persuasive. No doubt, Congress intended to give the Secretary—and, by extension, health experts in the CDC—the discretion and flexibility to thwart the spread of disease. But the quarantine provisions in § 264(b)–(d) are structurally separate from those in § 264(a). *Tiger Lily*, 992 F.3d at 524 (noting that the provisions in § 264(b)–(d) restrict individual liberty interests, while § 264(a) is concerned exclusively with property interests). And regardless, like the enumerated measures in § 264(a), the quarantine provisions are cabined and directed toward individuals who are either entering the United States or "reasonably believed to be infected," 42 U.S.C. § 264(c)–(d), and "not to amorphous disease spread" more generally, *Skyworks*, 2021 WL 911720, at *10. The quarantine provisions in § 264(b)–(d) therefore do not provide support for the eviction moratorium.

In sum, the Public Health Service Act authorizes the Department to combat the spread of disease through a range of measures, but these measures plainly do not encompass the nationwide eviction moratorium set forth in the CDC Order.[6] Thus, the Department has exceeded the authority provided in § 361 of the Public Health Service Act, 42 U.S.C. § 264(a).

### C. Ratification of the CDC Order

In its partial motion to dismiss, the Department argues that Congress ratified the agency's action when it extended the moratorium in the Consolidated Appropriations Act.[7] *See* Defs.' Partial Mot. at 7–9. The initial CDC Order was set to expire on December 31, 2020, *see* 85 Fed.

---

[6] Because the CDC Order exceeds the Secretary's authority, the Court need not address the plaintiffs' remaining challenges to the eviction moratorium.

[7] The Department initially argued in its partial motion to dismiss that Counts I-V of the complaint were moot in light of Congress's extension of the CDC Order. Defs.' Mem. in Supp. of Partial Mot. to Dismiss ("Defs.' Partial Mot.") at 1, Dkt. 32-1. But this congressional extension of the CDC Order has since expired, so the Department has withdrawn this argument. *See* Joint Status Report at 2, Dkt. 36.

Reg. at 55,297, but Congress extended the expiration date until January 31, 2021, by including §

502 in the Consolidated Appropriations Act.  Section 502 provided:

> The order issued by the Centers for Disease Control and Prevention under section 361
> of the Public Health Service Act (42 U.S.C. 264), entitled ''Temporary Halt in
> Residential Evictions To Prevent the Further Spread of COVID–19'' (85 Fed. Reg.
> 55292 (September 4, 2020) is extended through January 31, 2021, notwithstanding the
> effective dates specified in such Order.

Pub. L. No. 116-260, § 502, 134 Stat. 1182 (2020).

"Congress 'has the power to ratify the acts which it might have authorized' in the first

place," *Thomas v. Network Sols., Inc.*, 176 F.3d 500, 506 (D.C. Cir. 1999) (quoting *United States

v. Heinszen & Co.*, 206 U.S. 370, 384 (1907)), "and give the force of law to official action

unauthorized when taken," *Swayne & Hoyt v. United States*, 300 U.S. 297, 301–02 (1937).  To

do so, however, Congress must make its intention explicit.  *Heinszen*, 206 U.S. at 390.

Congress did not do so here.  When Congress granted a temporary extension of the

eviction moratorium by enacting § 502, it acknowledged that the CDC issued its order pursuant

to the Public Health Service Act.  It did not, however, expressly approve of the agency's

interpretation of 42 U.S.C. § 264(a) or provide the agency with any additional statutory

authority.  *See Tiger Lily*, 992 F.3d at 524; *Skyworks,* 2021 WL 911720, at *12.  Instead,

Congress merely extended the CDC Order for a limited 30-day duration.

"[C]ongressional acquiescence to administrative interpretations of a statute" is

"recognize[d]. . . with extreme care."  *See Solid Waste Agency of N. Cook Cty. v. U.S. Army

Corps of Eng'rs*, 531 U.S. 159, 160 (2001).  "[M]ere congressional acquiescence in the CDC's

assertion that the [CDC Order] was supported by 42 U.S.C. § 264(a) does not make it so."  *Tiger

Lily*, 992 F.3d at 524.  Because Congress withdrew its support for the CDC Order on January 31,

2021, the order now stands—and falls—on the text of the Public Health Service Act alone.  For

all the reasons stated above, *supra* Part III.B., the national eviction moratorium in the CDC Order is unambiguously foreclosed by the plain language of the Public Health Service Act.

### D. Remedy

Both parties agree that if the Court concludes that the Secretary exceeded his authority by issuing the CDC Order, vacatur is the appropriate remedy. *See* Mot. Hr'g Rough Tr. at 13, 30–31. Nonetheless, the Department urges the Court to limit any vacatur order to the plaintiffs with standing before this Court. Defs.' Partial Mot. to Dismiss at 23. This position is "at odds with settled precedent." *O.A. v. Trump*, 404 F. Supp. 3d 109, 153 (D.D.C. 2019).

This Circuit has instructed that when "regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioner is proscribed." *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) (internal quotation marks omitted); *see also O.A.*, 404 F. Supp. 3d at 109. Accordingly, consistent with the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and this Circuit's precedent, *see Nat'l Mining Ass'n*, 145 F.3d at 1409, the CDC Order must be set aside.

\*\*\*

The Court recognizes that the COVID-19 pandemic is a serious public health crisis that has presented unprecedented challenges for public health officials and the nation as a whole. The pandemic has triggered difficult policy decisions that have had enormous real-world consequences. The nationwide eviction moratorium is one such decision.

It is the role of the political branches, and not the courts, to assess the merits of policy measures designed to combat the spread of disease, even during a global pandemic. The question for the Court is a narrow one: Does the Public Health Service Act grant the CDC the legal authority to impose a nationwide eviction moratorium? It does not. Because the plain

language of the Public Health Service Act, 42 U.S.C. § 264(a), unambiguously forecloses the nationwide eviction moratorium, the Court must set aside the CDC Order, consistent with the Administrative Procedure Act, *see* 5 U.S.C. § 706(2)(C), and D.C. Circuit precedent, *see National Mining Ass'n*, 145 F.3d at 1409.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for expedited summary judgment is granted and the Department's motion for summary judgment and partial motion to dismiss are denied. A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

May 5, 2021

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ALABAMA ASSOCIATION OF<br>REALTORS, *et al.*,<br><br>        *Plaintiffs*,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES, *et al.*,<br><br>        *Defendants.* | No. 20-cv-3377 (DLF) |

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is

**ORDERED** that the defendants' Motion for Summary Judgment, Dkt. 26, and Partial Motion to Dismiss, Dkt. 32, are **DENIED**. It is further

**ORDERED** that the plaintiffs' Motion for Expedited Summary Judgment, Dkt. 6, is **GRANTED**. It is further

**ORDERED** that the nationwide eviction moratorium issued by the Centers for Disease Control and Prevention, and currently in effect at 86 Fed. Reg. 16,731, is **VACATED**.


                                                _____
                                             DABNEY L. FRIEDRICH

May 5, 2021                                 United States District Judge