**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALABAMA ASSOCIATION OF REALTORS, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>    Defendants. | No. 20-cv-3377 (DLF) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MAY 17 LETTER**

Defendants respectfully respond to Plaintiffs' letter of May 17, 2021, which highlights guidance issued by the Centers for Disease Control and Prevention (CDC) on May 13, 2021, concerning fully vaccinated individuals. *See* ECF No. 62 (Letter). Plaintiffs suggest that the May 13 guidance requires the Court to vacate its well-reasoned opinion granting a stay pending appeal, entered on May 14, 2021, *see* ECF Nos. 60, 61, or at least to direct Defendants to address their supposed "failure to timely inform this Court that conditions have so radically improved that even basic COVID-19 precautions are no longer necessary," Letter at 4. As set out below, Plaintiffs' request is baseless: the May 13 guidance does not alter the fundamental facts about COVID-19 spread that underlie the eviction moratorium; it applies only to the minority of Americans who are fully vaccinated; and even for them, it does not materially change the advice that applies upon being evicted. The Court should therefore deny Plaintiffs' requests.[1]

---

[1] In addition to the substantive problems with Plaintiffs' letter, it is also procedurally improper in several respects. First, under this Court's standard order, "[c]ommunications with the Court should be in writing and only by written motion, opposition, and reply—not by letter or email." ECF No. 10 at 2. Second, if Plaintiffs had complied with that requirement, their motion would have been filed as one seeking reconsideration—motions that the standard order describes as "discouraged" and that

By way of background, on May 13, 2021—two days after Defendants filed their reply brief in support of their stay motion, and one day before this Court entered its ruling—CDC updated its guidance for fully vaccinated individuals. *See* CDC, Interim Public Health Recommendations for Fully Vaccinated People (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last visited May 19, 2021). As relevant here, the guidance states that "fully vaccinated people can resume activities without wearing a mask or physically distancing, except where required by federal, state, local, tribal, or territorial laws, rules, and regulations, including local business and workplace guidance." *Id.* It further notes that "[f]ully vaccinated people should also continue to wear a well-fitted mask in correctional facilities and homeless shelters." *Id.* Plaintiffs suggest that this new guidance undermines the basis for this Court's stay order, but that contention is wrong for at least two reasons.

*First*, the May 13 guidance does not change the basic facts underlying the CDC Order: COVID-19 spreads quickly and easily among unvaccinated individuals, and evictions exacerbate its spread. While Plaintiffs highlight the fact that "most adults have already received at least one shot," Letter at 3, that is not the relevant metric, as the May 13 guidance applies only to Americans who are *fully* vaccinated—i.e., who have waited two weeks since completing a full course of COVID-19 vaccination, which most often requires two shots spaced several weeks apart. *See generally* Interim Public Health Recommendations (May 13, 2021). The percentage of fully vaccinated Americans stood at 34.8% on the day that Defendants filed their reply brief, and it stands at 37.5% today. *See* CDC COVID Data Tracker: COVID-19 Vaccinations in the United States, https://covid.cdc.gov/covid-

---

are denied when they present "arguments that a party could have raised previously but now raises for the first time." *Id.* at 5. Third, the standard order provides that Plaintiffs' failure to confer with Defendants pursuant to Local Rule 7(m) is an additional reason to "summarily deny" Plaintiffs' request. *Id.* at 4.

data-tracker/#vaccinations (last visited May 19, 2021).[2] Nothing in the May 13 guidance undermines CDC's position that the eviction moratorium remains necessary to protect the substantial majority of Americans who are not yet fully vaccinated.

While it is true that the national COVID-19 picture is improving, the country is still averaging around 30,000 new infections per day. *See* CDC COVID Data Tracker: Trends in Number of COVID-19 Cases and Deaths in the US Reported to CDC, by State/Territory, https://covid.cdc.gov/covid-data-tracker/#trends_dailytrendscases (last visited May 19, 2021). The number of COVID-19 cases per day is thus comparable to the initial peak of cases in April 2020 and not far from the number of cases per day when the Order was issued in September 2020. *See id.* A majority of counties in the United States are still experiencing substantial or high transmission of COVID-19; less than ten percent are experiencing low transmission. *See* CDC COVID Data Tracker: COVID-19 Integrated County View, https://covid.cdc.gov/covid-data-tracker/#county-view (last visited May 19, 2021). CDC's general advice for fully vaccinated individuals thus provides no basis to second guess the judgment of public health experts that the eviction moratorium remains necessary to protect the significant majority of Americans who are not yet fully vaccinated from the specific

---

[2] In addition, there is evidence that tenants who are most at risk of eviction are relatively less likely to be vaccinated. In the first two and a half months of the U.S. vaccination program, for example, counties reflecting higher social vulnerability (poverty, unemployment, lower educational attainment, etc.) showed lower vaccination rates. *See* Michelle M. Hughes, *et al.*, *County-Level COVID-19 Vaccination Coverage and Social Vulnerability — United States, December 14, 2020 – March 1, 2021*, https://www.cdc.gov/mmwr/volumes/70/wr/mm7012e1.htm. Furthermore, a disproportionately low percentage of Black and Hispanic Americans are fully vaccinated against COVID-19, *see* CDC COVID Data Tracker, Demographic Characteristics of People Receiving COVID-19 Vaccinations in the United States, https://covid.cdc.gov/covid-data-tracker/#vaccination-demographic (last visited May 19, 2021); these groups are both at higher risk of severe outcomes from COVID-19 and higher risk of eviction. *See* Trends in Racial and Ethnic Disparities in COVID-19 Hospitalizations, by Region — United States, March–December 2020, https://www.cdc.gov/mmwr/volumes/70/wr/mm7015e2.htm; Sophia Wedeen, Joint Center for Housing Studies of Harvard University, *Housing Perspectives: Black and Hispanic Renters Face Greatest Threat of Eviction in Pandemic*, https://www.jchs.harvard.edu/blog/black-and-hispanic-renters-face-greatest-threat-eviction-pandemic.

risks associated with residential evictions.  To the contrary, given that national transmission of COVID-19 remains high and vaccination coverage is not yet sufficient to prevent outbreaks, lifting other mitigation measures like eviction moratoria could lead to spread during a time when large portions of the population are not yet protected.

*Second*, even for the fully vaccinated individuals to whom the guidance does apply, Plaintiffs point to no relevant change in the recommendations for masking within a household or in homeless shelters.  Under CDC's previous guidance, issued on April 29, 2021, a fully vaccinated individual could already visit the home of unvaccinated individuals without wearing a mask or practicing social distancing.  *See* Interim Public Health Recommendations for Fully Vaccinated People (Apr. 29, 2021), https://web.archive.org/web/20210506043608/https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html ("Fully vaccinated people can . . . [v]isit with unvaccinated people (including children) from a single household who are at low risk for severe COVID-19 disease indoors without wearing masks or physical distancing.").  Similarly, under the current guidance, a vaccinated individual still cannot visit a homeless shelter without wearing a mask—just as he could not under the April 29 guidance.  Plaintiffs' suggestion that the May 13 guidance represents a sea change in the advice that applies to fully vaccinated tenants upon eviction is not correct.

Against that backdrop, Plaintiffs' suggestion that Defendants failed to "timely inform[] the Court about the improved public health situation," Letter at 3, is simply wrong.  All of the public health statistics regarding COVID-19 (vaccinations, infections, deaths, etc.) are a matter of public record, and Defendants have routinely provided up-to-date statistics in their filings before the Court.  Plaintiffs themselves relied upon similar statistics in their opposition to Defendants' stay motion.  *See* ECF No. 58 at 8.  As for the May 13 guidance, it was not issued until two days after Defendants filed

their reply brief,[3] it received immediate and enormous media attention, and in any event it does not undermine Defendants' position in this case.  Of course, Plaintiffs were free to bring it to the Court's attention before it ruled if they thought otherwise.

The Court should therefore deny Plaintiffs' request to disturb its May 14 order.

Dated:  May 19, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

/s/  Steven A. Myers
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 305-8648
Fax:  (202) 616-8470
E-mail:  steven.a.myers@usdoj.gov

*Counsel for Defendants*

---

[3] To the extent that Plaintiffs' incorrect suggestion of wrongdoing is directed at Defendants' litigation counsel, we note that litigation counsel first learned of CDC's plans to update the guidance when the guidance was publicly released on May 13.