**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALABAMA ASSOCIATION OF REALTORS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | No. 20-cv-3377 (DLF) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION
TO ENFORCE THE SUPREME COURT'S RULING AND
TO VACATE THE STAY PENDING APPEAL**

After the eviction moratorium that was the subject of this litigation expired, the Centers for Disease Control and Prevention ("CDC") determined that the deteriorating public health situation necessitated a new invocation of its authority—and responsibility—to protect public health.

Although the factual circumstances have changed and CDC's new order differs from the prior eviction moratorium by targeting only areas of high or substantial transmission, Plaintiffs have filed what they style as a motion to "enforce the Supreme Court's ruling and to vacate the stay pending appeal." ECF No. 67 ("Mot.") at 1 (capitalization modified). The motion should be denied, as it rests on the incorrect premise that the Supreme Court has issued a "ruling" in Plaintiffs' favor.

In earlier proceedings in this case, this Court vacated the prior eviction moratorium but stayed enforcement of its order pending appeal. On appellate review, the D.C. Circuit refused to lift the stay, and the Supreme Court denied Plaintiffs' emergency application for vacatur. Plaintiffs emphasize that Justice Kavanaugh indicated in his concurrence that he agreed with their position that CDC lacked authority to issue a nationwide eviction moratorium, and that there were four Justices who dissented

from the denial of Plaintiffs' application for relief.  Under D.C. Circuit precedent, however, the votes of dissenting Justices may not be combined with the vote of a concurring Justice to establish a binding decision.  *See United States v. Epps*, 707 F.3d 337, 348 (D.C. Cir. 2013); *King v. Palmer*, 950 F.2d 771, 781 (D.C. Cir. 1991) (en banc).  Unless and until the Supreme Court rules otherwise, the decision of the D.C. Circuit motions panel that rejected Plaintiffs' position remains the law of the case, at least as to the factors governing whether any adverse judgment should be stayed.  *See Ala. Ass'n of Realtors v. HHS*, No. 21-5093, 2021 WL 2221646 (D.C. Cir. 2021); *see generally Petties v. District of Columbia*, 227 F.3d 469, 472 (D.C. Cir. 2000) ("Under this court's practice, a decision of the motions panel is the law of the case.").

Until the Supreme Court acts, this Court should follow the D.C. Circuit, not predictions about what the Supreme Court may decide.  Such predictions are particularly problematic here.  In Plaintiffs' prior Supreme Court application, they offered a variety of bases for vacating the stay, including "the downward trend in COVID-19 cases," "the effectiveness of vaccines," and CDC's guidance that "vaccinated individuals may dispense with masks and social distancing indoors."  Pls.' Emergency App. For Vacatur (June 3, 2021), No. 20A169, at 4, https://go.usa.gov/xFNup.  The Justices who dissented from the denial of Plaintiffs' application did not explain their reasoning and may have agreed with Plaintiffs' contention that, under the circumstances then present, the eviction moratorium was not "necessary" to prevent the spread of COVID-19, which is a requirement for the exercise of CDC's authority under 42 U.S.C. § 264.

Since that time, the trajectory of the pandemic has changed dramatically as a result of the highly contagious Delta variant.  The seven-day average of daily new cases is now 89,976—nearly a seven-fold increase over the rate when the Supreme Court ruled on June 29.  *See* CDC COVID Data Tracker, Trends in Number of COVID-19 Cases and Deaths in the US Reported to CDC, by

State/Territory, https://go.usa.gov/xFRXv (last visited Aug. 6, 2021). And, based on mathematical modeling, case trends will continue to increase over the coming weeks. *See* CDC COVID Data Tracker, United States Forecasting, https://go.usa.gov/xFRFQ (last visited Aug. 6, 2021). New evidence suggests that the Delta variant is more than twice as transmissible as the original strains of SARS-CoV-2 circulating at the start of the pandemic; the Delta variant has demonstrated increased levels of transmissibility among unvaccinated persons and might increase the risk of vaccine breakthrough infections in the absence of other mitigation strategies. *See* CDC, About Variants of the Virus that Causes COVID-19, https://go.usa.gov/xFRFG (last visited Aug. 6, 2021). Children younger than age 12 are not yet eligible for vaccines.

CDC is thus once again recommending indoor masking for fully vaccinated individuals, *see* CDC, Interim Public Health Recommendations for Fully Vaccinated People, https://go.usa.gov/xFRX6 (last visited Aug. 6, 2021), as this Court has itself required, *see* D.D.C. Standing Order 21-45, *In re Reinstatement of Mask Requirement for All Individuals in Public and Non-Public Areas of Courthouse* (Jul. 30, 2021); businesses are delaying return-to-work orders, *see, e.g.*, Lauren Hirsch, *Delays, More Masks and Mandatory Shots: Virus Surge Disrupts Office-Return Plans,* N.Y. Times (July 23, 2021), https://nyti.ms/2VryVw5; and hospitalization rates in some states are approaching (if not passing) their winter peaks, *see* CDC COVID Data Tracker, Prevalent Hospitalizations of Patients with Confirmed COVID-19, https://go.usa.gov/xFnYg (last visited Aug. 6, 2021).

Faced with these rising case numbers, and instead of extending its previous "nationwide eviction moratorium," *Ala. Ass'n of Realtors v. HHS*, 141 S. Ct. 2320, 2320 (2021) (Kavanaugh, J., concurring), CDC has issued a new moratorium that applies only in areas of substantial or high transmission, thus exercising its authority to tailor a set of necessary actions to reduce the interstate spread of communicable disease.

Under these circumstances, this Court should not strike down the new order on the basis of twenty-four hours of emergency briefing—particularly when Plaintiffs have not even filed a pleading asserting claims against the new, narrower CDC order.

## BACKGROUND

### A.    Prior Proceedings In This Court And The D.C. Circuit

Plaintiffs challenged a nationwide CDC eviction moratorium that most recently was extended through July 31, 2021.  *See* 86 Fed. Reg. 34,010 (June 28, 2021).  This Court vacated that moratorium for lack of statutory authority but stayed the judgment pending appeal.  In issuing the stay, this Court concluded that Defendants had made a strong showing that they would be irreparably injured absent a stay.  *See* ECF Nos. 60, 61.  The Court recognized Defendants' "strong interest in controlling the spread of COVID-19 and protecting public health," and noted that CDC's Order was "supported by observational data and analyses that estimate that as many as 433,000 cases of COVID-19 and thousands of deaths could be attributed to the lifting of state-based eviction moratoria."  ECF No. 61 at 8; *see also id.* (citing mathematical model that estimates that "anywhere from 1,000 to 100,000 excess cases per million population could be attributable to evictions depending on the eviction and infection rates").  The Court also held that any potential financial loss to landlords was "outweighed by the [Defendants'] weighty interest in protecting the public."  *Id.* at 9.

A unanimous panel of the D.C. Circuit refused to vacate this Court's stay.  The motions panel concluded that Defendants had a strong likelihood of success on the merits and that the equities favored a stay of this Court's judgment.  *See Ala. Ass'n of Realtors*, 2021 WL 2221646, at *1–4.  The motions panel concluded that Defendants had demonstrated "that lifting the national moratorium will exacerbate the significant public health risks identified by CDC because, even with increased vaccinations, COVID-19 continues to spread and infect persons, and new variants are emerging."  *Id.* at *3 (alterations and internal quotation marks omitted).  By contrast, Plaintiffs had failed to show a

likelihood of irreparable injury.  *Id.* at *3–4.

## B.     Prior Supreme Court Proceedings

The Supreme Court denied Plaintiffs' application to vacate the stay by a 5-4 vote.  *See Ala. Ass'n of Realtors*, 141 S. Ct. 2320.  Concurring in the denial of the application, Justice Kavanaugh indicated that he "agree[d] with the District Court and the applicants that the Centers for Disease Control and Prevention exceeded its existing statutory authority by issuing a nationwide eviction moratorium," but that he was voting to leave the stay in place "[b]ecause the CDC plans to end the moratorium in only a few weeks, on July 31, and because those few weeks will allow for additional and more orderly distribution of the congressionally appropriated rental assistance funds."  *Id.* at 2320-21 (Kavanaugh, J., concurring).  He stated that, in his view, "clear and specific congressional authorization (via new legislation) would be necessary for the CDC to extend the moratorium past July 31."  *Id.* at 2321.

Four Justices voted to grant Plaintiffs' application but did not provide an explanation for their votes.  Likewise, the four Justices who voted to deny Plaintiffs' application did not provide their reasoning.

## C.     The Moratorium At Issue Here

On August 3, CDC issued a new, more targeted eviction moratorium "in order to respond to recent, unexpected developments in the trajectory of the COVID-19 pandemic, including the rise of the Delta variant."  *See* Temporary Halt in Residential Evictions in Communities with Substantial or High Levels of Community Transmission of COVID-19 to Prevent the Further Spread of COVID-19 at 1, https://go.usa.gov/xF5yV.  This new order applies only in areas of substantial or high disease transmission, and it applies through October 3, 2021.  CDC explained that the new order "is intended to target specific areas of the country where cases are rapidly increasing, which likely would be

exacerbated by mass evictions." *Id.* at 1.  As CDC explained, "[t]rends have dramatically worsened since June 2021[,] and transmission is rapidly accelerating in the United States." *Id.* at 15.  "A renewed surge in cases in the United States began in early July 2021; case counts rose from 19,000 [new] cases [per day] on July 1, 2021, to 103,000 cases on July 30, 2021," with cases expected to rise over the next four weeks. *Id.* at 4.

CDC noted that the predominant "Delta variant has demonstrated increased levels of transmissibility compared to other variants," and that "early evidence suggests that people who are vaccinated and become infected with the Delta variant may transmit the virus to others." *Id.* at 5.  It further noted that emergency rental assistance had been slower to be distributed than hoped, with "hundreds of thousands of applications for assistance . . . currently outstanding," and that additional time would facilitate the distribution of additional assistance that could help keep people in their homes, instead of congregate settings where the virus spreads easily. *Id.* at 8.  Without a moratorium, "a wave of evictions, on the order of hundreds of thousands, could occur in late summer and early fall, exacerbating the spread of COVID-19 among the significant percentage of the population that remains unvaccinated." *Id.* at 15.

## ARGUMENT

Plaintiffs' motion provides no authority for this Court to enjoin CDC's August 3 order.  The D.C. Circuit motions panel addressed the issue of CDC's statutory authority to issue the prior moratorium and concluded that Defendants had a strong likelihood of success on the merits; it further concluded that the equities otherwise favored Defendants.  Absent a contrary ruling from the Supreme Court in a challenge to CDC's new moratorium, this Court should follow the D.C. Circuit motions panel's determination that the moratorium should remain in effect. *See Petties*, 227 F.3d at 472.

Plaintiffs' motion rests on the incorrect premise that the Supreme Court issued an "order" or

"ruling" in their favor.  It did not.  The Supreme Court *denied* their application for relief.  *See Ala. Ass'n of Realtors*, 141 S. Ct. at 2320 ("The application to vacate stay presented to THE CHIEF JUSTICE and by him referred to the Court is denied.").  And a Supreme Court "order" or "ruling" in Plaintiffs' favor cannot be created by cobbling together the votes of dissenting Justices with a concurrence.  The D.C. Circuit has held that, when a lower court applies *Marks v. United States*, 430 U.S. 188 (1977), to discern the decision of a fractured Court, it should consider only the votes of the Justices who supported the judgment.  *See Epps*, 707 F.3d at 348 ("This court has interpreted *Marks* to mean that the narrowest opinion 'must represent a common denominator of the Court's *reasoning*; it must embody a position implicitly approved by at least five Justices *who support the judgment*.'" (quoting *King*, 950 at 781) (second emphasis added)).

The D.C. Circuit's determination that this Court's judgment should be stayed, in contrast, was reasoned, and it was issued by a unanimous three-judge panel.  The court concluded that CDC had made "a strong showing that it is likely to succeed on the merits" because the eviction moratorium falls within the plain text of 42 U.S.C. § 264(a), has been recognized by Congress as within CDC's authority, is consistent with the text and structure of section 264's other provisions, and is consistent with Congress's constitutional authority.  *Ala. Ass'n of Realtors*, 2021 WL 2221646, at *1–3.  The court further found that the other equitable factors weighed in favor of staying this Court's order pending appeal.  *Id.* at *3-4.  Although the motions panel indicated that its merits analysis would not bind the merits panel, the motions panel's ruling is "preclusive for all matters decided expressly or by necessary implication," *Taylor v. F.D.I.C.*, 132 F.3d 753, 761 (D.C. Cir. 1997), which included the determination that the moratorium should be left in place pending further review.  *See Petties*, 227 F.3d at 472; *cf. Sherley v. Sebelius*, 689 F.3d 776, 782–83 (D.C. Cir. 2012) (even preliminary decision can be law of the case where it reflects "[a] fully considered appellate ruling on an issue of law" (internal quotation marks

omitted)).  And "[d]istrict judges . . . are obligated to follow controlling precedent until either the D.C. Circuit, sitting en banc, or the Supreme Court, overrules it." *Vijender v. Wolf*, No. 19-3337, 2020 WL 1935556, at *3 (D.D.C. Apr. 22, 2020) (alterations omitted) (quoting *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997)).  Significantly, this Court "is not free to ignore binding circuit precedent because of a *possible* inconsistency with an intervening decision of the Supreme Court." *Nat'l Wildlife Fed'n, Inc. v. U.S. Army Corps of Eng'rs*, 314 F. Supp. 3d 126, 130 (D.D.C. 2018) (emphasis added). "Unless and until the Court expressly abrogates [precedent,]" a district court "lacks authority to conclude" that a more recent Supreme Court decision has, "by implication, overruled an earlier precedent." *Libertarian Nat'l Comm., Inc. v. Fed. Election Comm'n*, 924 F.3d 533, 549 (D.C. Cir. 2019).

Finally, to the extent that this Court disagrees, Defendants respectfully request that this Court enter an immediate administrative stay so that the Solicitor General may consider whether to seek emergency relief from the D.C. Circuit or the Supreme Court. There is an exceptionally strong equitable case for leaving the stay of this Court's judgment in place given recent trends in the pandemic, and Plaintiffs will not be prejudiced by the short additional time that it would take for the Supreme Court to interpret its own ruling.  As the D.C. Circuit has observed, Plaintiffs "waited eleven weeks before bringing their challenge to the [prior] moratorium," *Ala. Ass'n of Realtors*, 2021 WL 2221646, at *4, and every court to consider the question has concluded that the prior CDC eviction moratorium did not cause landlords irreparable harm.  *See* Defs.' Emergency Mot. for Stay Pending Appeal, ECF No. 57, at 3 (collecting cases); *see also Brown v. Azar*, --- F.4th ----, 2021 WL 2944379 (11th Cir. July 14, 2021). Any injury to Plaintiffs caused by a temporary administrative stay is outweighed by the risk of illness and mortality if the moratorium targeting areas of high or substantial transmission is unnecessarily lifted at this moment when new cases are rapidly increasing due to the highly contagious Delta variant.

## CONCLUSION

The Court should deny Plaintiffs' motion.

Dated:  August 6, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Steven A. Myers*
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
JOHN ROBINSON
Trial Attorney (DC Bar No. 1044072)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 305-8648
Fax:  (202) 616-8470
E-mail:  steven.a.myers@usdoj.gov

*Counsel for Defendants*